LORENA E. FRENCH *vs.* JOSEPH W. PATTERSON.

*Assessment of taxes. Tax sale.*

61 203
92 183

It is sufficient if the assessors so describe the land of non-residents taxed by them as to identify it with reasonable certainty.

The description, "Orrin Emerson, or unknown, about 175 acres, 4th range, 17 school-district, part of the Craig lot, value $875, amount of tax, $15.93," held sufficient.

Such description sufficient also in the advertisement of land to be sold for taxes.

In order to authorize the sale of an entire parcel of land for taxes assessed thereon, it should distinctly appear of record that the sale of the whole "was required to pay the tax, interest, and charges;" if this be not made so to appear of record the sale will be invalid.

It should appear that the treasurer offered for sale, to pay these sums, a fractional part of the land; or that no person would pay the amount due for a less quantity of land than the whole parcel.

ON REPORT.

February 10, 1869, the plaintiff brought this action to recover certain land in Augusta, claimed by the defendant under a tax-deed from the city. She derived her title thus: Elias Craig, then owning the estate, conveyed it Nov. 4, 1861, to Louisa Emerson,

who, by her last will executed March 27, 1866, and admitted to probate the fourth Tuesday of the following May, devised it, under the residuary clause of that instrument, in these . words : " I give and bequeath all the residue of my property both real and personal to Orrin Emerson, jr., of Bath, in the county of Sagadahoc, and his heirs, in trust for my husband and his father, Orrin Emerson, senior, during his life, remainder to my children in equal proportions.  It is my wish that my said husband should have the management and control of all my said property while he lives, the title in the meantime to be in the said trustee as before provided. I also give power and authority to said trustee to sell any and all of said property at such times and prices as his father may deem best, and to give good and sufficient conveyances, the proceeds to go to my said husband for the benefit of himself and my children,—to be used by him for their benefit." . . . " I appoint the said Orrin Emerson, jr., sole executor of this will."

Orrin Emerson, jr., accepted this trust and gave bond for its faithful discharge, but did not give the bond required of testamentary trustees.  Sept. 24, 1867, Orrin Emerson, senior, the *cestui que trust* under the will, and Orrin Emerson, junior, reciting that he was acting in his capacity of executor, conveyed the demanded premises to Lorena Emerson French, the plaintiff; and this was the title upon which she rested her claim thereto.  To overcome it the defendant put in deeds from Louisa Emerson to Henry K. Chadwick of fifteen acres, and from her to Oliver Chase of another small lot, both these pieces of land being parcel of the tract conveyed to her by Craig ; but Patterson derived no title to himself from Chadwick or Chase.  He introduced, however, as covering the rest of the Craig lot, and all of the demanded premises, the records of the assessment of a tax thereon for the year 1864, and of the proceedings for its collection by a sale of the land.  The only objections to these proceedings considered by the court were to the descriptions of the assessed land in the assessment list, advertisement and deed thereof, and to the course pursued by the treasurer in making sale of it ; and it will be unnecessary to make

a statement of the other papers connected with the case. In the list of "non-resident taxes in Augusta for 1866," under the proper columns for the "names of the persons taxed, No. of lot, No. of range, school-district, No. of division, or description of range, etc., if known, value, amount of tax," appeared this entry: "Orrin Emerson of Pittston, or owner unknown, range 4, school-district 17, about 175 acres land, part of Craig lot, value $875, amount of tax, $15.93." In the advertisement the lot was described as owned by "Orrin Emerson or unknown, about 175 acres, part of Craig lot," with the value and tax as stated in the assessment. The treasurer advertised that he should sell "so much of the real estate taxed as will be sufficient to pay the amount due therefor including interest and charges." In his record of the sale he says: "I proceeded to sell, according to the tenor of the advertisement the estates upon which the taxes so assessed remained unpaid, and in the schedule following is set forth each parcel of the estate so offered for sale and the amount of the taxes, interest, and charges for which it was sold, the quantity sold and the names of the purchasers. The city authorized Charles E. Hayward to bid the amount due for taxes, etc., upon the lands sold, and its treasurer for this sum conveyed it to the city of Augusta and the city subsequently conveyed it to the defendant. The description in the deed from the treasurer to the city was: "About 175 acres of land in 4th range east of river, being a part of Craig lot south of Thomaston road." The court was authorized to enter such judgment as the nature of the case required.

*S. Lancaster*, for demandant.

Our title of record is perfect. The tax-title set up in defense must fail because the description in the assessment is insufficient; altogether too indefinite and uncertain. Craig's deed conveyed to Louisa Emerson more than three hundred acres; one parcel containing that number and the other an unmentioned quantity. The fifteen acres she sold to Chadwick, as appears by the deeds put in by defendant, were south of the Thomaston road, and those sold to Chase were north of that road. It is impossible, then, to tell

what part of the Craig lot was embraced in the lands advertised and sold. The record of sale does not show that the land was sold to the highest bidder or to him who would pay the tax, interest, and charges for the least quantity of land. This defect is fatal. *Lovejoy* v. *Lunt*, 48 Maine, 377. The advertisement, the only notice given the owner and the public of what was to be sold, was not like the record of sale or the deed, in its description of the premises.

The deed of Orrin Emerson, senior, if executed by him alone, would convey his right to manage and control the estate and his life interest therein and be sufficient to enable the plaintiff to maintain this suit. Orrin Emerson, jr., held a mere dry, naked trust with no interest in the property. Then under the Statutes of Uses, 27 Henry VIII, c. 10, which is part of our common law, the legal estate was transferred to the *cestui que use* the instant the will was approved, and vested the whole estate in him. 1 Greenleaf's Cruise (ed. of 1849), 349, Tit. 11, c. 3; *Hayes* v. *Tabor*, 41 N. H. 521; *Northampton B'k* v. *Whiting*, 12 Mass. 108; *Thatcher* v. *Omans*, 3 Pick. 521; *Morgan* v. *Moore*, 3 Gray, 323; *Johnson* v. *Johnson*, 7 Allen, 197; 4 Kent's Com. 294; *Bowman* v. *Long*, 26 Geo. 142; *Adams* v. *Guerard*, 29 Geo. 651; Saunders on Uses, 85, 98.

*G. C. · Vose*, for tenant.

The description of the property in the assessment roll was all that could be reasonably required and was sufficient; and it agrees substantially with that in the subsequent documents. There has been no such tender of the taxes, &c., due as the law requires; the one made was not by nor to the proper person, nor of a sufficient sum.

Orrin Emerson, jr., had no right to convey. He had obtained no license from probate court to do so, nor was this sale necessary to pay debts; nor could he convey as testamentary trustee, since he had given no bond in that capacity. *Groton, Judge* v. *Ruggles*, 17 Maine, 137; R. S. c. 68, § 1.

DICKERSON, J. Writ of entry. The plaintiff claims title under a warrantee deed from Elias Craig to Louisa Emerson, dated Nov. 4, 1861, the will of Louisa Emerson, probated in May, 1866, and a deed signed by Orrin Emerson, jr., executor of Louisa Emerson and Orrin Emerson, dated Sept. 28, 1867.

Louisa Emerson acquired a valid title to the demanded premises by the Craig deed, and held that title at the time of her death. Did the deed of Orrin Emerson, jr., her executor, signed also by Orrin Emerson, her husband, convey her title to the plaintiff? Orrin Emerson, jr., gave that deed in his capacity as executor of the will of Louisa Emerson. An executor, as such, has no right to sell real estate of the testator. The estate was not rendered insolvent, nor was the requisite license to sell granted by the probate court. His deed, therefore, as an executor's deed, conveyed no title to the plaintiff.

By the provisions of the will the residue of the property, not otherwise disposed of, was bequeathed to Orrin Emerson, jr., the executor, in trust for Orrin Emerson, during his life time, remainder to the testatrix's children. By accepting this trust Orrin Emerson, jr., became a testamentary trustee. The statute requires such trustees to give a bond for the faithful execution of their trust, except in certain specified cases, of which the case at bar is not one. The trustee, not having given such bond, could not convey a valid title to the demanded premises as trustee, if he had undertaken to do so. If, therefore, the deed of Orrin Emerson, jr., to the plaintiff could properly be construed as a deed given in his capacity as trustee, as the counsel for the plaintiff contends, it would not be effectual to pass the title. But we think that deed will not bear such construction. It purports to have been given in the grantor's capacity as executor, and there is nothing in its phraseology to indicate a different intention.

But the deed in question was also signed by Orrin Emerson, the *cestui que trust*. The will imposed no active duties upon the trustee, but made him the simple depositary of the title. It provided that the *cestui que trust* should have the management and

control of the property while he lived, for his benefit and the benefit of the testatrix's children. Power was also given to the trustee to sell the estate, when the *cestui que trust* should think best. The trust was clearly a passive trust. In such a case this court has held that the trustee cannot maintain a writ of entry against the *cestui que trust*. Besides, the trustee sanctioned the conveyance by joining in the deed. *Skowhegan* v. *Sawyer*, 57 Maine, 506.

The plaintiff having acquired a valid title to the demanded premises by the deed of Sept. 28, 1867, is entitled to maintain this action, unless the defendant acquired title thereto by virtue of his tax deed from the city of Augusta, dated Aug. 7, 1867.

As the plaintiff contests the validity of the tax sale he is not bound to pay or tender payment of " the taxes, charges, and interest," under R. S. of 1857, c. 6, § 145 until the defendant has produced the treasurer's deed, duly executed and recorded, the assessment signed by the assessors, and their warrants to the collector, and shown that the taxes were advertised according to law ;" and the plaintiff may also contest the validity of these proceedings at every stage of the proof without such payment or tender. *Inhabitants of Orono* v. *Veazie*, 57 Maine, 518.

In order to establish his title under his tax-deed the defendant introduced evidence that these preliminaries of the statute had been complied with. No objection is made to the form or execution of the deed, but the counsel for the plaintiff contends that the assessment is void for uncertainty in the description of the premises. The description is as follows : " Orrin Emerson or unknown, about 175 acres, 4th range, 17 school district, part of Craig lot, value $875, amount of tax $15.93." It is not questioned but the range and school district are given correctly, or that the premises were known as a part of the Craig lot, but as the evidence shows that the " Craig lot" at the time of the assessment consisted of more than one parcel, it is argued that it is uncertain which parcel was intended to be assessed. The tax was assessed to " Orrin Emerson," who was the husband of Louisa Emerson, the owner of

the Craig lot, " or unknown." Orrin Emerson owned no land, and the parcel intended by the designation, " Orrin Emerson or unknown," . . . " part of Craig lot " was undoubtedly that part of the Craig lot which his wife continued to own at the time of the assessment. The deeds and other evidence show that that was the part of " the Craig lot " south of the Thomaston road, exclusive of the fifteen acres conveyed to Henry K. Chadwick. That was the parcel sold by the treasurer, as more fully appears by his return of the sale ; and the description in .the deed to the defendant substantially corresponds with that return.

The statute does not require, nor is it often practicable that the assessors of taxes should give a minute description of the non-resident lands assessed by them. It is sufficient if they so describe them in their assessment that they can be identified with reasonable certainty. We think that this was done in the case at bar.

The assessment appears to have been duly signed by the assessors, and the warrant duly issued. The reasoning in support of the sufficiency of the description in the assessment applies also to the description in the advertisement. The taxes, moreover, appear to have been advertised according to law.

The record of the sale shows that the whole tract was sold. In order to authorize this, it should distinctly appear of record that the sale of the whole tract " was required to pay the tax, interest, and charges." The treasurer has no authority to sell a foot of land more than is required for this purpose. It may or may not be necessary to sell the whole tract. This is to be determined by ascertaining whether or not any person at the sale will pay the required amount for a part of the land. In order to do this the statute provides as follows : "At the time and place appointed for the sale, the treasurer shall offer for sale so much of the estate taxed as shall be required to pay the tax with interest, . . . and the costs of advertising. . . . If the bidding is for less than the whole, it shall be for a fractional part of the estate, and the bidder who will pay the sum due for the least fractional part shall be the purchaser." R. S. of 1857, c. 6, § 143.

The record shows that the treasurer sold the whole tract, but it does not show that he " offered for sale " a fractional part of it, or that no person would pay the amount due for a less quantity than the whole land. Indeed, it does not appear that the purchaser was the highest bidder, or the one who would pay the sum required for the least quantity of the land; or that the statute requirement for ascertaining whether or not any person present at the sale would pay " the tax, interest, and charges " for a part of the land was complied with. If the reference, in the return of the treasurer's doings at the sale, to the advertisement may be regarded as making that a part of the return, it would then only appear that he " sold so much of the estate as was sufficient to pay the amount due." He may have sold what was " sufficient " for this purpose, and yet more than " was required " therefor. He had authority to sell only so much land " as should be required " to pay the tax, interest, and charges. The defect in the record consists in its failure to show that the treasurer pursued the mode provided by the statute, for ascertaining whether or not the sale of the whole tract " was required " to pay the assessment due. We regard this omission as fatal to the defendant's title. The sale of land for taxes is a proceedure *in invitum*, and the provisions of the statute authorizing such sale must be strictly complied with or the sale will be invalid. Blackw. Tax Titles, 47, 67, 93, 94, 104; *Loomis* v. *Pingree*, 43 Maine, 311; *Lovejoy* v. *Lunt*, 48 Maine, 378.

The defendant having failed to show a compliance with one of the requirements of the statute, preliminary to his right to require the plaintiff to prove payment or tender of payment of the amount due, it becomes unnecessary to determine the sufficiency of the alleged tender.                    *Judgment for the demandant.*

APPLETON, C. J.; CUTTING, BARROWS, and TAPLEY, JJ., concurred.

Mr. Chief Justice Appleton added the following opinion.

APPLETON, C. J. The tax-title under which alone the defendant claims is void for the reasons assigned in the opinion of Mr. Justice Dickerson.

The plaintiff claims title under a deed of warranty from a party in the possession and occupation of the premises conveyed. This makes out a *prima facie* case. *Blithen* v. *Dwinel*, 34 Maine, 133.

*Judgment for the demandant.*