## PASCHAL v. SWEPSTON.

### Opinion delivered October 4, 1915.

1. IMPROVEMENT DISTRICTS—FORMATION—BOUNDARIES—DESCRIPTION.—In the formation of an improvement district, the description contained in the published notice, must be such that the land owner reading it, may easily ascertain whether or not his lands are included.

2. IMPROVEMENT DISTRICTS—FORMATION—DESCRIPTION OF BOUNDARIES—VARIANCE.—The report of the surveyor showed the boundaries of a proposed drainage district, and a portion of the boundary was described as, "thence in a southwesterly direction along the east, south and west of Big Creek to the northeast corner of the northwest quarter of the *northeast* quarter of sec. 7 * * *." The notice published incorrectly described the boundary as "to the northeast

corner of the northwest quarter of the *northwest* quarter of sec. 7."
*Held,* the published notice was insufficient because of the error,
and that the court was without jurisdiction in all proceedings
had subsequent to that date.

Appeal from Crittenden Chancery Court; *Charles
D. Frierson,* Chancellor; reversed.

*Rose, Hemingway, Cantrell, Loughborough & Miles,*
for appellant.

The statute, Act No. 279, Acts 1909, § 1, under which
the district was organized, does not prescribe the terms
of the notice; but, although not expressly so stated, it is
necessarily implied that the notice shall correctly state
the boundaries of the district, to the end that persons
owning land in the district may be put on notice. **113
Ark. 566.** The object of such notice is to enable the prop-
erty owners included in the district to easily ascertain
what property is included in the district. **104 Ark. 298-
302; 115 Ark. 163.**

In this case, the variance between the description in
the published notice and that contained in the report of
the engineer and in the order forming the district, de-
feats the organization. *Supra;* 15 Ark. 297-303; 64 Ark.
240; 50 Ark. 846; 29 Me. 169; 94 N. Y. 272, 276; 48 N.
E. 530.

*Brown & Anderson,* for appellees.

The printer's typographical error in the published
notice was not such as to invalidate the organization of
the district. The notice was entirely sufficient to put
every land owner between the west bank of Big Creek,
where it intersects the north line of section 7, township
8 north, range 7 east, and the northwest corner of sec-
tion 9, township 8 north, range 6 east, upon notice that
his lands were embraced within the district. Page &
Jones, Taxation by Assessment, § 551; 50 Pac. 846; 64
N. W. 204; 69 Pac. 89; 56 Pac. 846; 21 Pac. 825; 9 Cush.
496; 13 Gratt. 394; 3 Ark. 18; 100 Ark. 105; 111 Ark.
220; 68 Ark. 544; 106 Ark. 83; 9 Cyc. 918; 9 Cranch.
(U. S.) 173; 12 Fla. 348; 66 Me. 169; 29 Me. 169; 147
Ill. 76; 46 N. H. 315; 23 Me. 217; 86 N. C. 167.

KIRBY, J. This case presents a single question of law for the consideration of the court.

The surveyor appointed by the county judge of Crittenden County to make a preliminary survey of certain territory for the purpose of forming a drainage district filed his map and report showing the boundaries of said district. Said district began at the northwest corner of section 9, township 8 north, range 6 east, and the last three calls in the north boundary line were as follows:

"Thence west four and three-quarters of a mile to the east bank of Big Creek; thence in a southwesterly direction along the east, south and west bank of Big Creek to the northeast corner of the northwest quarter of the northeast quarter of section 7, township 8 north, range 6 east; thence west four and three-quarters of a mile to the point of beginning."

A notice was published, in which the last two calls of the boundary line were given as follows:

"Thence in a southwesterly direction along the east, south and west bank of Big Creek to the northeast corner of the northwest quarter of the northwest quarter of section 7, township 8 north, range 6 east; thence west four and three-quarters of a mile to the point of beginning."

This error was not discovered and the district was established by the county court as called for in the report of the surveyor. It was later discovered that there was an apparent discrepancy between the boundary of the district as established and as advertised in the published notice. Appellant, who was one of the property owners in the district, thereupon filed his complaint in equity, alleging that this error and discrepancy between the published notice and the order establishing the district was fatal to the validity of the district. The commissioners demurred to the complaint, their demurrer was sustained, and this appeal has been duly prosecuted.

It is conceded that the publication of the notice is a jurisdictional requirement, and that the notice as pub-

lished must contain a correct description of the district to be established. But it is urged that the error indicated is a patent one, shown to be wrong by the balance of the description, and that the description published is certain and complete and easily identifies the land of the district.

In the establishment of the various kinds of improvement districts, jurisdiction is conferred by the publication of a notice in which the boundaries of the district are defined.

In the case of *Voss* v. *Reyburn,* 104 Ark. 298, which was a proceeding for the establishment of a street improvement district, the court there said that "the object of designating the boundaries of the district was to enable property owners included therein and affected thereby to easily ascertain what property was included in the district." It was there held that, where an attempted publication of an ordinance creating an improvement district omitted two half blocks from the proposed improvement district, the variance was material and destroyed the validity of the attempted organization.

In the case of *Norton* v. *Bacon,* 113 Ark. 566, it was held that the publication of a notice describing the land to be included in the proposed improvement district is jurisdictional, and that the county court has no authority to form a district until notice has been published in accordance with the terms of the statute, and that a variance between the description of lands to be included in a proposed road improvement district in the plat and in the notice was fatal and invalidated the formation of the district. In that case the published notice omitted 200 acres of land included within it, and it was there said: "To exclude the territory from the plat would be to form a district of less territory that that included in the boundaries set forth therein; and, on the other hand, if we should include that territory in the district, it would be done without notice having been given to the owner as required by the statute. So we think that there is a fatal variance between the description of the lands embraced

in the notice and those included in the plat and that this invalidates the formation of the district.''

A very recent case is that of *McRaven* v. *Clancy*, reported in 115 Ark. 163, 171 S. W. 88. It was there held that the publication of an ordinance, establishing an improvement district, must be according to the statute, which is mandatory and compliance with which is jurisdictional, so that one of the lots not being included in the publication, though lots on both sides of it, and owned by the same parties, were included, the district was not created.

Does the description given measure up to the requirements of the cases quoted?

The map filed with the report shows that Big Creek runs near but not to the corner designated in the call found in the engineer's report, but in the notice as published the call is to the corresponding corner in the northwest quarter instead of the northeast quarter of the section. If this call controls the description in the published notice, the west half of the northeast quarter and the east half of the northeast quarter, which are embraced within the district, are omitted from the notice.

It is urged that there are two fatal defects in the description, one of these being in the designation of an erroneous corner to which the line should run from the bank of Big Creek, and that the other is the designation of a portion of the boundary in the following terms:

''Thence in a southwesterly direction along the east, south and west bank of Big Creek.''

The map accompanying the engineer's report shows the course of Big Creek, and if that creek was made the boundary of the district, the district would include lands lying east, south and west of the creek, and that part of the description would, therefore, be reasonably certain if the point was correctly designated to which the boundary line should run from the bank of the creek. But this description does not show from what point the boundary line of the district departs from the bank of the creek, and because of that fact the error in the description of the point to which the line should run is material and

fatal. Even though it be assumed that this line should be a straight one, it does not appear from which point on the bank of the creek the line should be drawn, and the point named is more than a half mile from the bank of the creek.

It is settled by the decisions of this court that, in defining the boundaries of a tract of land, where the descriptions given are uncertain and conflicting, distances yield to courses, and courses to monuments. Here neither the course nor the distance from the bank of the creek to the fixed point is given, but even though they were they would have to yield to the location of the fixed point.

It is argued that if the description in question was contained in a private contract between the parties it would be sufficient, and we are cited to the case of *Central Irrigation District* v. *DeLappe,* 21 Pac. 825, in which the Supreme Court of California appears to take that view. We are not cited to any other case in the excellent briefs filed in this cause, but this case is not in harmony with our own cases on that subject. We are committed to the rule that the description contained in the published notice must be such that the land owner reading it may easily ascertain whether or not his lands are included, and a clear statement of the reason for the rule is contained in appellant's brief. Parties to a contract understand the subject with respect to which they are dealing and any description which with certainty identifies it should be sufficient to bind them by any agreement they make with respect to it. To any proceedings of this character notice is the first information which the land owner has. He does not read the description contained in it with knowledge that his lands are the subject-matter with respect to which the notice is given, and his only information comes from the notice itself. And it is proper that this notice should be such as easily ascertains the subject of the notice. He should not be required to speculate as between pertinent clauses whether the courts will hold that the one or the other shall pre-

vail, and he should not be penalized in case he undertakes such speculation for reaching the wrong conclusion.

Counsel for appellee urges that, if the calls defining the boundaries of this district were read in reverse order, there would be no uncertainty about the point intended to which the line should run from the creek. But even if this be true, that fact would not meet the objections which we have urged. As has been said, the land owner does not know in advance what lands are intended to be improved, and the district in question was defined by numerous calls of direction and distance to various fixed points, and the possibility that the boundary of the district might be correctly known by tracing the calls in reverse order is not sufficient to meet the requirement that a notice be published from which the land owner may easily ascertain whether or not his lands are included.

We conclude, therefore, that the published notice was insufficient because of the error indicated and that the court was without jurisdiction in all proceedings had subsequent to that date. The decree will, therefore, be reversed and the cause remanded with directions for the entry of a decree in accordance with this opinion.