AYERS *v.* CRITTENDEN COUNTY.

Opinion delivered April 3, 1916.

DRAINAGE DISTRICTS—DUTIES OF ENGINEER—FORMATION—COMPENSATION.—
Under Act 221, page 193, Public Acts of 1911, providing for the formation of drainage districts, the engineer is required to make only preliminary plans and surveys and estimates, and the said

engineer can not recover for the value of his services, when he furnishes complete plans and estimates, the same being in excess of the provisions of the statute.

Appeal from Crittenden Circuit Court; *W. J. Driver,* Judge; affirmed.

*A. B. Shafer* and *B. J. Semmes,* for appellant.

The circuit court erred in its findings of fact and in rendering judgment, because the evidence does not support them. Ayers made the surveys and estimates according to the Act of 1909, p. 829, § 1, etc. He did no unnecessary work and his charges are not excessive. 40 Cyc. 2853; 33 Ark. 651-4; 35 Am. Dec. 141; 22 Tex. 70; 9 Dana (Ky.) 358. The judgment should be reversed and a judgment rendered here for Ayers. 2 McGlorin, (La.) 61.

*L. P. Berry* and *S. V. Neely,* for District No. 2.

1. Ayers made a complete survey, he did much unnecessary work. There is ample evidence to support the finding and judgment. Acts 1909, p. 829, 109 Ark. 548; 45 *Id.* 41; 82 *Id.*. 372.

*Brown & Anderson,* for District No. 3.

The appellant's claim is excessive. The judgment was for more than appellant was legally entitled to. 51 Ark. 524; 50 *Id.* 431; 47 *Id.* 442. The evidence fully sustains the judgment.

McCULLOCH, C. J.  Proceedings were instituted in the county court of Crittenden County for the organization of two separate drainage districts, one to be designated as Drainage District No. 2 of Crittenden County, and the other as Drainage District No. 3 of Crittenden County. Appellant, W. E. Ayers, was appointed by the county court of Crittenden County to make the preliminary survey as provided by statute. The survey was made by appellant and his report was filed, accompanied by maps, plats, etc., according to the terms of the statute, and subsequently appellant filed in the county court his separate claims against the county for his compensation for said work.

District No. 3 was declared by this court not to have been legally organized. The organization of District No. 2 was completed and it appears that in said district the work of constructing the ditch according to the purpose of the organization is progressing. Appellant's claim against the county for District No. 2, as filed in the county court, was for $9,694.46, of which $2,000.00 had already been paid. His claim against the county for District No. 3 was for the sum of $4,902.22, of which amount $1,500.00 had been previously paid. The county court allowed all of appellant's claim against District No. 2 except $1,-958.23, and all of the claim for District No. 3 except $1,-135.00. There was an appeal to the circuit court taken on behalf of the county and each of the drainage districts, and also on behalf of appellant Ayers, and on trial of the two causes in the circuit court, which were consolidated, the circuit judge, sitting as a jury, reduced appellant's claim against the county for District No. 2 to the sum of $3,000.00, and his claim against the county for District No. 3 to $1,500.00, and entered a judgment accordingly. No appeal has been prosecuted to this court on behalf of Crittenden County or either of the two drainage districts.

The statute (Act of April 28, 1911,* amending Act of May 27, 1909†) provides that upon the filing of the petition in the county court for the organization of the drainage district and the execution of a bond to pay for the expenses of the survey of the proposed district, "it shall be the duty of the county court to enter upon its records an order appointing an engineer," who shall "forthwith proceed to make a survey and ascertain the limits of the region which would be benefited by the proposed system of drainage and such engineer shall file with the county court a report showing the territory which will be benefited by the proposed improvement and giving a general idea of its character and expense and making such suggestions as to the size of the drainage

---

*Act 221, p. 193, Public acts of 1911.
†Act 279, p. 829, Session Laws of 1909 (Reporter).

ditches and their location as he may deem advisable.''
The statute further provides that ''all expenses incident
to the survey and cost of organization shall be paid by the
county as the work progresses, upon proper showing,
but all expenses paid by the county shall be repaid out
of the proceeds of the first assessment levied under this
Act.''

The testimony adduced by the appellant in the trial
below. is to the effect that it is necessary in such cases
to make the survey, plans, maps and estimates complete
so as to constitute an accurate plan and estimate for the
construction of the work. He explained in his testimony
that it would be unsatisfactory if it should finally de-
velop that the work costs more or less than the prelimi-
nary estimates, In other words, the testimony of the
appellant tends to show that he made a complete survey
and all necessary maps and plats and estimates of the
work, and that the amount of his claim was only fair
compensation for that work. The circuit judge decided
properly, we think, that the statute only contemplates a
preliminary survey and estimate, and not completed plans
for the construction of the work. The language of the
statute sustains the construction put on it by the circuit
judge, for it says the engineer is only required to make
a survey and ascertain the limits of the region which is
to be benefited, and to give ''a general idea of its char-
acter and expense.'' According to that construction of
the statute, it appears from appellant's testimony that he
did more work than was authorized by his employment
and that he is not entitled to full compensation according
to his claim.

There is a conflict in the testimony, too, as to a
proper amount of compensation for a preliminary survey,
such as is contemplated by the statute, and we cannot
say that there is no testimony supporting the court's
finding on that issue of fact. The case is argued here
principally on the question of the legal sufficiency of
the evidence, and we are of the opinion that there is

enough to support the finding. For that reason the judgment will be affirmed.

The county has not appealed and we do not undertake to decide whether or not the statute authorizing a county court to pay the preliminary expenses of a survey for a drainage district is a valid enactment. We leave the decision of that question to the future when it is properly presented here.

Judgment affirmed.

Smith, J., not participating.