LANE v. COOK.

Opinion delivered October 7, 1918.

1. DRAINS—IMPROVEMENT DISTRICT—NOTICE.—Where the circuit court created a drainage district which described one of the tracts included as the south half of the northwest quarter of a certain section, but the notice published pursuant to the statute incorrectly described the territory included by substituting the south half of the northeast quarter of said section, the intended tract being correctly described in the subsequent proceedings, the notice is jurisdictional, and the variance between the order and the notice is a fatal defect in the formation of the district.

2. SAME—IMPROVEMENT DISTRICT—DEFECT IN NOTICE—WAIVER.— Where there is a variance between an order of court creating a drainage district and the published notice thereof, in that a certain tract of land is substituted in the notice for one contained in the order, all of the property owners in the proposed district may consent to waive the irregularity, under Acts 1913, p. 738, § 8, but a waiver by the owners of the two tracts above mentioned is insufficient.

Appeal from Craighead Chancery Court, Western District; *Archer Wheatley,* Chancellor; reversed .

*Gordon Frierson,* for appellant.

A correct description in the notice is jurisdictional. Error in the publication of the notice is fatal to the district.   104 Ark. 298; 115 *Id.* 163; 113 *Id.* 566; 120 *Id.* 230.

*Lamb & Frierson* and *Huddleston & Futrell,* for appellees.

The cases cited are not in point here.   Defendants entered their appearance and waived the error under § 8, Acts 1913, Act 177; 119 Ark. 20; 76 *Id.* 423; 25 Cyc. 203.

McCULLOCH, C. J.   The circuit court of Greene County made an order, upon the petition of property owners, creating a drainage district embracing certain

lands in Greene and Craighead Counties. The boundaries of the district as created by said order of the court were correctly described in the petition, and also in the preliminary survey made by the engineer appointed by the court. Those boundaries included the south half of the northwest quarter of section 27, township 16 north, range 3 east, in Greene County, but the notice published pursuant to the requirements of the statute incorrectly defined the boundaries in that it omitted the tract above mentioned and included in lieu thereof the south half of the northeast quarter of said section 27. The notice was in all other respects in proper form, and the court made the order creating the district on the day specified in the notice. The proceedings were conducted under the Act of the General Assembly of 1909, page 829, as amended by the act of 1913, p. 738. Assessors were appointed to assess the benefits, and the court subsequently made an order confirming the assessments. Thereafter the owner of the south half of the northwest quarter of said section 27, which had been included in the district but omitted from the notice, and the owner of the south half of the northeast quarter of section 27, which was not embraced in the district as created but was described in the notice, joined in a stipulation which was filed in the circuit court, and which, after reciting the ownership of said lands, reads as follows:

"We hereby agree that said lands be incorporated in the First Slough Drainage District, and that said lands be assessed as the same are assessed now on the assessment roll of said district, and as confirmed by the circuit court, and we hereby waive all notice as to the establishment of the district and all notice as to the publication of the assessment roll required by law."

Appellant is the owner of other lands embraced in the district, and he instituted the present action in the chancery court to restrain further proceedings for the collection of assessments on the ground that the order of the court creating the district was void.

In the case of *Paschal* v. *Swepston*, 120 Ark. 230, we decided, construing the same statute under which this district was created, that the publication of the notice was jurisdictional, and that where the notice failed to correctly describe the area to be incorporated in the district it was fatal to the validity of the proceedings. The present case is controlled by that decision, for the reason that the omission from the notice of the south half of the northwest quarter of section 27 lessened the area described in the original petition and in the engineer's plat and the inclusion of the south half of the northeast quarter of section 27 was unauthorized because that tract had not been put into the area described in the original petition.

In dealing with a similar state of facts under a somewhat similar statute in the case of *Norton* v. *Bacon*, 113 Ark. 566, we said: "To exclude the territory from the plat would be to form a district of less territory than that included in the boundaries set forth therein; and, on the other hand, if we should include that territory in the district, it would be done without notice having been given to the owner as required by the statute. So we think that there is a fatal variance between the description of the lands embraced in the notice and those included in the plat, and that this invalidates the formation of the district."

But appellees, who are the commissioners of the district, insist that the void order attempting to create the district was validated by the subsequently filed stipulation of the owners of the two tracts of land mentioned above, and that such is the effect of sec. 8 of the act of 1913, *supra,* which reads as follows:

"The property owners in a drainage district may consent to waive the right to resort to courts and may absolutely ratify and confirm what has been done by the board of commissioners, and all other officials with reference to the district; and may thereafter be forever barred from testing or contesting in any way the validity of the proceedings up to that time, the assessments made

or the tax levied for the payment of principal and interest of bonds or for any other purpose."

The statute just quoted contains no specification or direction as to how the property owners may manifest their waiver or consent, and as that is not involved in the present controversy we pretermit any discussion on that subject, but we are clearly of the opinion that it requires the consent of all of the property owners in the district to give efficacy to such stipulation. The notice is jurisdictional, as we have already shown, and an order of the court based upon insufficient notice is void. It is not conceivable that the Legislature meant to provide that a part of the property owners interested could validate the proceedings by a waiver of the defects. The language is clear that the "property owners in the drainage district may consent," etc., and this necessarily means all of them, for the prior proceedings are wholly void, and can not be revived except upon the consent of all of the interested property owners.

Our conclusion, therefore, is that the proceedings gained no validity from the stipulation filed by two of the property owners, and that the chancellor erred in upholding the validity of the district. The decree is reversed, and the cause remanded with directions to enter a decree in accordance with this opinion.