LAMBERSON v. BOARD OF COMMISSIONERS OF DRAINAGE DISTRICT No. 16.

Opinion delivered November 28, 1921.

1. DRAINS—ENFORCEMENT OF LIEN—DEFENSES.—In a suit by a drainage district to foreclose a lien for delinquent assessments, an answer attacking the validity of the assessment on the grounds that the county judge who created the district was disqualified, that an appeal was pending in the Supreme Court for abandonment of the district, that the assessment was confiscatory, that bonds had been issued for construction of an extension in territory not embraced in the district, and that the commissioners had failed to record contracts made by them for the improvements, was demurrable, as constituting a collateral attack upon the orders of the county court creating the district and confirming the the assessment of benefits.

2. DRAINS—ENFORCEMENT OF LIEN—DEFENSES.—Matters rendering a drainage district or the assessment of benefits void for jurisdictional reasons may be pleaded as a defense in suits for the enforcement of assessments.

Appeal from Craighead Chancery Court, Western District: *Archer Wheatley*, Chancellor; affirmed.

*H. M. Mayes,* for appellants.

The declarations of facts set out in the answer are not demurrable, but, appellees having demurred, the

facts thereby admitted are conclusive. 141 Ark. 8. In testing the sufficiency of a pleading on demurrer, every inference reasonably deducible therefrom must be considered. 142 Ark. 431. Indefiniteness and uncertainty should be reached by motion to make more definite and certain, rather than by demurrer. 134 Ark. 311.

*Basil Baker* and *Horace Sloan*, for appellees.

The answer does not state facts sufficient to constitute a defense.

(1) The attempted denial of corporate capacity amounts to a mere negative pregnant. 84 Ark. 409; 3 Ore. 161; 5 C. B. 440; 57 E. C. 440; 136 Reprint 950; 12 Mont. 474; 31 Pac. 87; 19 L. R. A. 211; 65 Neb. 34; 90 N. W. 997; 36 Ore. 259; 59 Pac. 189.

(2) The denial as to penalty and interest, and existence of lien raises no issue of fact. The statute prescribes the penalty and rate of interest.

(3) The allegation as to disqualification of the county judge is a collateral attack on the order establishing the district. The remedy was by appeal, taken within 20 days. C. & M. Dig., § 3609; 117 Ark. 292. The issue as to disqualification cannot be raised collaterally. 139 Ark. 130; 213 S. W. 7; 43 Ark. 33; 80 *Id.* 57. His ownership of land in the district did not disqualify him. 94 Ark. 563; 43 *Id.* 324.

(4) This court held, in the case referred to in the allegation with reference to a pending appeal, that the county court had no jurisdiction to dissolve or abandon a drainage district. *Wilson* v. *Mattix,* 149 Ark. 23.

(5) The allegations as to the validity of the assessments of benefits attempt to raise issues that cannot properly be invoked in this proceeding, (a) because their validity has already been settled by the order of the county court, and a collateral attack cannot now be permitted. C. & M. Dig. § 3165; 138 Ark. 131 *Id.* 471; 117 *Id.* 30, 32. (b) Their validity cannot be challenged without setting out the facts rendering the assessments improper. 139 Ark. 277, 280; 139 *Id.* 153. (c) Their validity can be

challenged only in the statutory mode. C. & M. Dig. §
3165; 125 Ark. 163, 167; 49 *Id.* 518; 63 *Id.* 588; 90 *Id.* 413;
94 *Id.* 217; 105 *Id.* 450; 110 *Id.* 34; 52 *Id.* 529; 71 *Id.* 556;
98 *Id.* 543; 94 *Id.* 563; 90 *Id.* 29; 84 *Id.* 257; 96 *Id.* 609.

HUMPHREYS, J. This is an appeal from a decree
of the Craighead Chancery Court, Western District, fore-
closing a lien for delinquent assessments for the year
1920, with a penalty of 25 per cent. thereon, interest and
costs, against lands owned by appellants in Drainage
District No. 16, Craighead County. The complaint, in
substance, alleged the creation of the drainage district,
the appointment of commissioners, the assessment of
benefits for the year 1920 against appellants' lands, the
delinquency in payment of the assessments and the ac-
crual of penalty and interest on account of the failure
to pay the same.

Appellants filed an answer denying the corporate
capacity of the drainage district to sue, and any liability
for a penalty and interest, or the existence of a lien on
the land for the payment of same; and, as additional
defenses, alleged the disqualification of the county judge
who made the order creating the district, the pendency of
an appeal to the Supreme Court from a suit instituted
in the circuit court by a large number of the land owners
in the district for the abandonment of said district, the
confiscatory nature of the assessment, alleging that it
amounted to more than the current cash value of the
property of the owners in said district, the sale of bonds
to the amount of $50,000 for the construction of an ex-
tension or outlet of the drainage district in Poinsett
County which was in territory not embraced in the dis-
trict, and the failure of the commissioners to record the
contracts made by them for the improvements in said
district.

A general demurrer was filed to the answer, which
was sustained by the court. Appellants elected to stand
upon their answer, whereupon the court rendered a de-
cree declaring a lien upon each parcel of land for the tax,

penalty, interest and costs thereon, and foreclosing the same, from which an appeal has been duly prosecuted to this court.

Appellants contend that the court erred in sustaining the demurrer to the answer. We think not. The defenses interposed were collateral attacks on the order establishing and creating the drainage district and assessing the benefits on account of the improvements against the several parcels of land within said district. In a suit to enforce a lien against lands for benefits assessed against them in a drainage district theretofore organized, all defenses except a plea of payment are necessarily collateral. It is not contended that the assessments were paid. The matters as set forth in the answer attacking the validity of the assessment cannot be inquired into in this proceeding because they constitute a collateral attack on the judgments of the county court creating the district and confirming the assessment of benefits. *Mudd* v. *St. Francis Drain. Dist.,* 117 Ark. 30; *St. L. I. M. & S. R. Co.* v. *Maple Slough Drain. Dist.,* 138 Ark. 131; *Dickerson* v. *Tri-County Drain. Dist.,* 138 Ark. 471; *Washington Fire Ins. Co.* v. *Hogan,* 139 Ark. 130.

Of course, matters rendering a district or the assessment of benefits void for jurisdictional reasons might be pleaded as a defense in suits for the enforcement of assessments, but the matters pleaded in the answer in the instant case do not go to that extent.

No error appearing, the decree is affirmed.