SMITH *v.* LAWRENCE.

Opinion delivered December 5, 1927.

1. DRAINS—NOTICE OF PROPOSED DRAINAGE DISTRICT.—Notice of hearing on a proposed establishment of a drainage district required to be given by Crawford & Moses' Dig., § 3607, is jurisdictional, and no lands can be included within the boundaries of such district which are not included within such notice.

2. DRAINS—PURPOSE OF PRELIMINARY SURVEY.—Crawford & Moses' Dig., § 3607, providing that a preliminary survey and estimate should be made showing the territory to be benefited, contemplates only a preliminary survey and estimate, and not that the reports should be conclusive, and exclude lands from the district which were not recommended as benefited.

3. DRAINS—NOTICE OF PROPOSED DISTRICT.—Notice of a proposed drainage district given under Crawford & Moses' Dig., § 3607, *held* to properly include the tract of land which was described in the petition for the district, though the engineer of the proposed district had recommended that the tract be excluded from the district.

4. DRAINS—VALIDITY OF ORDER ESTABLISHING DISTRICT.—An order establishing a drainage district which excluded a certain tract of land therefrom in accordance with the recommendation of the engineer *held* valid, though the petition for the establishment of the district and the notice of hearing thereon given under Crawford & Moses' Dig., § 3607, included this tract of land.

5. DRAINS—DRAINAGE DISTRICT OVERLAPPING PREVIOUS DISTRICT.—The drainage district attempted to be established under Crawford & Moses' Dig., § 3607, *held* invalid where it embraced the same territory as a previously organized district with the addition of 80 acres, omitted from the prior district after hearing, and had the same purpose and proposed construction of the same improvement, with little difference in cost and expense, being in effect a collateral attack on the prior district.

Appeal from Jackson Chancery Court; *A. S. Irby,* Chancellor; reversed.

*Robinson, House & Moses,* for appellant.

KIRBY, J. This is a proceeding by appellants, land-owners within the alleged Drainage Improvement District No. 11 of Jackson County, against the commissioners of Drainage District No. 14, the validity of which is challenged, because the entire territory thereof, except 80 acres of land, was first included in Drainage District No. 11, which, it was alleged, was legally organized. It was alleged that confirmation of the assessment of benefits in District No. 14 constituted a lien on the lands and a cloud on the title of the plaintiffs, and temporary injunction was asked and issued, restraining the confirmation of assessment of benefits, the contract for construction, and the sale of bonds.

It appears from the agreed statement of facts that a petition for the formation of Drainage District No. 11 was duly filed on September 3, 1921, and included in the description of lands the north one-half northwest one-quarter section 20, township 13 north, range 2 west. An engineer was appointed to make the preliminary sur-

vey, and filed his report on the 8th of October, 1921, which did not include said 80 acres of land as benefited. On that day there was filed another petition, claimed to be signed by a majority of the real property owners of the district, including said 80-acre tract. Notice was duly published showing said 80 acres as included within the proposed boundaries of the district, and on November 1, 1921, the county court duly entered an order establishing said Drainage District No. 11, not including within it the said 80-acre tract, and in all subsequent proceedings same was not included as a part of the district.

On February 3, 1926, the county court entered an order creating Drainage District No. 14, the boundary lines of which were coterminous and identical with the boundary lines of Drainage District No. 11, as described in the order of the county court creating that district, except that the 80-acre tract that was left out of District No. 11 was included in District No. 14, No. 14 being created for the same purpose as No. 11 was attempted to be created, and all proceedings for the establishment of the district being regular, if Drainage District No. 11 was invalid: The contention of the parties, as stated, being, on the one hand, that District No. 14 is void, since District No. 11 was first organized and was a valid district, and, on the other hand, that District No. 11 was invalid, and District No. 14 legally organized.

The court held that the inclusion of the said 80-acre tract in the notice of the day set for the creating of said District No. 11, as its exclusion had been recommended in the report of the preliminary survey of the engineer, constituted a variance fatal to the organization of the said district, and held District No. 11 to be void, and dismissed the complaint, from which this appeal is prosecuted.

It has long been settled that the notice required given by § 3607 of C. & M. Digest of the statutes is jurisdictional, and that no lands can be included within the boundaries of such district that are not included within

such notice. *Paschal* v. *Swepston,* 120 Ark. 230, 179 S. W. 339; *Jones* v. *Fletcher,* 132 Ark. 328, 200 S. W. 1034.

The statute only contemplates that a preliminary survey and estimate shall be made by the engineer of the territory proposed to be included in the district, showing which of the lands will be benefited by the proposed improvements, and giving a general idea of its character and expense, and make such suggestions as to the size of the drainage ditches and their location as he may deem advisable. *Ayers* v. *Crittenden,* 123 Ark. 246, 185 S. W. 285.

This report is not conclusive, and necessarily would not exclude the land not recommended as benefited from the boundaries of the proposed district, but the county court would hardly be expected to approve the report and exclude such territory before the final hearing on the petition, after notice, to determine whether it should be granted and the district established.

The court properly included this tract of land in the notice given for the establishment of the district, requiring all the persons within same to show cause in favor of or against its establishment. After such hearing, by order duly made, it established the district, excluding from its boundaries the said 80-acre tract of land, notwithstanding same was embraced in the petition and notice as proposed to be included in the district. This was done after all the property owners within the proposed district had been given opportunity to appear and advocate or resist the establishment thereof, and the district as established was valid, and necessarily the second District No. 14 thereafter attempted to be organized of all the territory included in said District No. 11, with the addition only of the said 80 acres left out of its boundaries, for the same purpose and the construction of the same improvement, with little difference in the amounts of the estimated cost and expense thereof, was invalid, being in effect but a collateral attack upon the

organization and establishment of said District No. 11, which was in all respects a valid organization.

The court erred in holding otherwise, and its decree will be reversed, and the cause remanded with directions to enter a decree in accordance with this opinion. It is so ordered.