SIMMS *v.* ROLFE.

Opinion delivered April 30, 1928.

*C. W. Norton,* for appellant.
*Marvin* v. *Norfleet,* for appellee.

HUMPHREYS, J. The sole question presented by this appeal is whether Susie Chew acquired title to all that part of the northeast quarter of section 8 lying west of the St. Francis River, in township 5 north of range 4 east, in the county of St. Francis, containing 40 acres, more or less, by quitclaim deed from S. H. Mann, for a consideration of $150, of date March 28, 1918, who had purchased same at a levee tax sale on December 5, 1914, for delinquent levee taxes. The forty-acre tract in question was owned by William Simms, the first husband of Susie Chew, when he died in the year 1901. She subsequently married a man by the name of Griggs, and they, with appellants herein, minor children of William Simms, deceased, were in possession of and cultivated said forty-acre tract when same was sold for delinquent levee taxes. The tract was assessed in the name of Lulu Griggs, the mother of appellants, and in the levee tax foreclosure as "W of R NE¼, Sec. 8, Tp. 5 north, range 4 east." After the death of Griggs, the mother of appellants married Ben Chew, who joined her in a deed of trust to S. S. Hargraves, as trustee for Ralph Turley, doing business as Turley & Company, embracing this forty-acre tract and other lands and personal property, securing an indebtedness of $2,797.51, evidenced by five notes, which they owed Turley & Company. They defaulted in the payment of $2,223.61 of the indebtedness. The notes and deed of trust were assigned to E. A. Rolfe on the 3d day of September, 1926, and on the next day he and the trustee named in the deed of trust instituted this suit to foreclose said deed of trust in the chancery court of St. Francis County and subject the forty acres in question, along with the other property described in the mortgage, to the payment of the balance due upon said indebtedness. Some of the appellants were in possession of the forty-acre tract in question, so they were made parties to the foreclosure, on allegation that they were claiming some interest in the land. They interposed the defense that their mother, Susie Chew, acquired no title to the land under the delinquent levee sale, because same

was assessed, forfeited and sold under an insufficient description, and because she was in possession thereof and cultivating same at the time of the forfeiture and sale. The cause was submitted upon the pleadings and testimony, resulting in a decree upholding the validity of the sale for levee taxes, and a foreclosure and order of sale of the forty-acre tract in question, along with the other property described in the deed of trust, to satisfy the indebtedness.

We agree with appellants that the sale for levee taxes was void as against this forty-acre tract of land for the lack of a legal description, and that their mother did not acquire title thereto under quitclaim deed from S. H. Mann, who had bought same at the void tax sale. The letter "R" or "r" is the proper abbreviation for range within the meaning of government surveys when used with reference thereto. When used otherwise in an attempted description of land, it means nothing. We so ruled in the case of *Brinkley* v. *Halliburton*, 135 Ark. 592, 204 S. W. 213, and in so doing stated that proof *aliunde* could not be used to cure or perfect the following void description in the tax deed: "N. of R. R. frl. SW¼ T. 6 N. R. 7 E," because the letters "R. R." furnished no key or suggestion through which the land might be located. The letter "R" or "r" in the description before us could as well refer to ridge or road as river, or to any natural or artificial monument, where such letters were used in spelling the monument in mind. The description is void on its face, just as the description was in the tax deed involved in the case of *Brinkley* v. *Halliburton, supra.*

It is unnecessary, in this view of the case, to discuss the other ground upon which the tax title is assailed.

On account of the error in upholding the validity of the levee tax sale the decree is reversed, and the cause is remanded with directions to cancel the trust deed as to the forty-acre tract in question.