MAIN *v.* DRAINAGE DISTRICT NO. 2 OF MONROE COUNTY.

4-6777                                    162 S. W. 2d 901

Opinion delivered June 15, 1942.

*Smith & Judkins,* for appellant.

*W. W. Sharp* and *Burke, Moore & Walker,* for appellee.

SMITH, J. It appears, from the somewhat imperfect and incomplete record in this case, that a decree was rendered, in the chancery court of Monroe county, on April 7, 1941, foreclosing the lien of Drainage District No. 2 of Monroe county against certain lands on which betterment assessments had not been paid. The suit appears to have been for the taxes for two years, but it does not appear what those years were.

A sale was had under the authority of this decree, a report of which was made by the commissioner appointed for that purpose. Certain owners of lands lying within the district intervened and objected to the confirmation of the sale, for reasons which will be recited. A demurrer to this intervention was sustained, and the commissioner's report was approved, from which decree is this appeal.

Attached to the intervention, as a part thereof, are certified copies of the orders of the county court of Monroe county establishing the district. Interveners alleged that the district was not legally formed, because there was never any hearing on the engineer's report, or notice published of such hearing; that there was never any hearing upon, nor proper notice given of, the assessment of benefits; that the county court of Monroe county did not take the steps required by law to acquire jurisdiction to levy any assessments against interveners' lands, and that the attempted levy of such assessments was void and created no lien against the lands here involved.

It was further alleged that the collection of the delinquent assessments is barred by the statute of limitations, and that proper notice was not given of the suit to collect them to confer jurisdiction upon the court to render the foreclosure decree.

It is insisted that the demurrer to the intervention, which the court sustained, admits the truth of these

allegations, and that the decree should, therefore, be reversed. But not so. We have many times held that a demurrer admits only facts which are well pleaded, and that legal conclusions are not admitted by a demurrer. A recent case to that effect, which cites others to the same effect, is that of *Wilburn* v. *Moon,* 202 Ark. 899, 154 S. W. 2d 7.

The orders of the county court, made exhibits to the intervention, recite adjudications essential and sufficient to establish the district, proper notice of all of which was found to have been given. Among other orders is one approving the assessment of benefits, which shows that it was made after proper notice had been given, and that no exceptions were filed by any one, except a railroad company.

The intervention constitutes a collateral attack upon these orders of the county court, which have long since become final. The district was created under the general drainage act, No. 279 of the Acts of 1909, which, with amendatory acts, appears as §§ 4455 to 4507, Pope's Digest. These acts provide for a hearing upon all the questions now raised by interveners, and limit the time within which that hearing may be had, and the time within which an appeal may be taken. A headnote to the case of *Taylor* v. *Board of Commissioners of Cache River Drainage District No. 2,* 156 Ark. 226, 245 S. W. 491, reads as follows: "The method provided by statute for attacking the validity of an assessment of benefits is exclusive, and a collateral attack upon an assessment which has become final because of the failure to attack it within the time and manner provided by law will not lie unless the assessment is void on its face."

The same rule is as applicable to districts formed under general laws as to those formed under special acts. In the case of *Lamberson* v. *Board of Commissioners of Drainage District No. 16,* 150 Ark. 624, 234 S. W. 986, it was said: "Appellants contend that the court erred in sustaining the demurrer to the answer. We think not. The defenses interposed were collateral attacks on the order establishing and creating the drainage

district and assessing the benefits on account of the improvements against the several parcels of land within said district. In a suit to enforce a lien against lands for benefits assessed against them in a drainage district theretofore organized, all defenses except a plea of payment are necessarily collateral. It is not contended that the assessments were paid. The matters as set forth in the answer attacking the validity of the assessment cannot be inquired into in this proceeding because they constitute a collateral attack on the judgments of the county court creating the district and confirming the assessment of benefits. (Citing cases.)''

It is not contended that the record of the assessment of benefits here sought to be enforced is void upon its face.

There is no showing that the assessments here sought to be enforced are barred by any statute of limitations. As has been said, the record does not show for what years the assessments sought to be enforced were levied, nor when they became delinquent. In the order of the county court approving the assessments levied appears this recital:

''It is further considered, ordered and adjudged that the said tax hereinbefore assessed shall be divided into installments, and that the said installments shall be due and payable as follows: In each of the years 1923 to 1927, inclusive, 3.7 per cent. of the face of the assessed benefits; and in each of the years 1928 to 1942, inclusive, 6.5 per cent. of the face of said assessed benefits; said collections to be credited first upon the interest accruing upon said levy.''

The right to distribute the collection of these assessments over a period of years, rather than to require their immediate payment at the time they were approved by the county court, is not questioned, and has been recognized in many cases and is expressly authorized by statute. Section 4507, Pope's Digest.

The insistence that the notice of the pendency of the proceedings to foreclosure the tax lien was not in com-

pliance with the statutory provisions, and that notice of the sale was not given by the commissioner which the law requires, may be answered by saying that interveners do not point out in what respect the notices were insufficient. The mere allegation that they were not in compliance with the law does not suffice. This allegation is a mere conclusion of law, which must be disregarded in the absence of any record showing that the notice required by law was not given.

We conclude, therefore, that the demurrer to the intervention was properly sustained, and that the decree must be affirmed, and it is so ordered.