RILEY *v.* EIGHT MILE DRAINAGE DISTRICT No. 5.

5-410                                267 S. W. 2d 302

Opinion delivered April 19, 1954.

[Rehearing denied May 17, 1954.]

534

*Lee Ward,* for appellant.

*Rhine & Rhine* and *Carl Hunter,* for appellee.

WARD, J. The only issue raised by this appeal is the sufficiency of the published Notice to property owners in a proposed drainage district. Certain landowners, hereafter referred to as "petitioners", requested the County Court of Greene County to create Eight Mile Drainage District No. 5 pursuant to the provisions in Ark. Stats. § 21-501, which section is a part of Act 279 of 1909 pertaining to the creation of drainage districts in this state. Objections were entered by certain other landowners, hereafter referred to as "protestants", and the County Court rejected the petition. Petitioners appealed to the Circuit Court which, over the objections of protestants, granted the petition and ordered the district formed. Protestants now prosecute this appeal.

Although the issue here raised by protestants was not urged in either court below, they have a right to

urge it now because, in such a proceeding, proper notice is jurisdictional. *Paschal* v. *Swepston,* 120 Ark. 230, 179 S. W. 339.

Said § 21-501 contains the following provisions with reference to notice and descriptions: (a) The petition must describe generally the region to be embraced in the district; (b) The engineer's report must "ascertain the limits of the region which will be benefited" and show the "territory which will be benefited", and; (c) The clerk shall publish a notice to "all persons owning property within said district." It is not disputed that all these preliminary steps were properly taken, except as hereinafter noted, and it is conceded that the description contained in the Notice was the same as contained in the engineer's report.

The objection now urged by protestants, appellants, is, as they say, that "the land descriptions appearing in the Published Notice of Hearing are not sufficiently accurate and definite to give reasonable notice to all landowners" within the district. Appellants then divide the alleged indefinite descriptions into several classifications, and we will discuss them separately.

*First.* Under this classification several separate descriptions are set out but, for the purpose of discussion, one will suffice. It reads:

"Lands in Township 16 North, Range 5 East, towit: All of Section 1 now within the City Limits of Paragould, Ark."

The objection is that the affected landowners "would not know the exact location of the Paragould city limits." In our opinion this objection is not sound for these reasons:

(a) The record contains a plat made by the engineer and filed, as a part of his report, with the clerk which shows that all of the City of Paragould lies within the proposed district. The engineer's report was on file before the hearing for any interested person to examine, and the Notice states that it was on file in

the clerk's office. Therefore every landowner in Paragould knew, or could have easily ascertained from the plat, that his property was being embraced in the district.

(b) Protestants having land within the City of Paragould are presumed to know that fact. In Vol. 62 C. J. S. page 118, under the heading of "Municipal Corporations" it is stated:

"A person owning land included within the corporate boundaries of a municipality is charged with knowledge that it is so included, regardless of whether he owned it at the time of the incorporation of the municipality or subsequently acquired it."

The same citation, at page 116, says: "It has been said that municipal corporations must have boundaries or they have no existence."

(c) We take judicial notice that the boundaries of cities and towns and all subdivisions must be made a matter of record, and ordinarily they are tied in with the sections, townships, and ranges of the U. S. Government Survey. Therefore, even if all of the City had not been included in the District, persons owning land in Paragould and in Section 1, Township 16 North, Range 5 East could have determined from the record whether it was included in the District.

*Second.* The objection is here made that Paragould has many subdivisions, that some of the protestants' lands lie in such subdivisions, and that the landowner holds and knows his title by such reference only. We see no merit in this objection particularly in view of what we said in the preceding paragraphs (a), (b), and (c).

*Third.* One portion of the land included was in Section 12, Township 16 North, Range 5 East and is described in the Notice as: "All lying East of Mo. Pac. R. R." Apparently no objection is made to the use of the abbreviation "Mo. Pac." for Missouri Pacific, but it is contended that the letters "R. R." are meaning-

less. We do not think such a conclusion is reasonable or justified. In the connection used there is room for little, if any, doubt that "R. R." refers to railroad. The case of *Simms* v. *Rolfe,* 177 Ark. 52, 5 S. W. 2d 718, cited by appellants is easily distinguishable from the situation here. There a sale of land based on a tax forfeiture was held bad where the land was described as: "W of R NE ¼, Sec. 8, Tp. 5 north, range 4 east." Of course the context which we have here was not present there and the court, recognizing this, said: "The letter 'R' or 'r' is the proper abbreviation for range within the meaning of government surveys when used with reference thereto. When used otherwise in an attempted land description, it means nothing."

*Fourth.* The final objection is that "the Notice identifies certain lands solely by reference to the type of improvements thereon", but we do not think the description contained in the Notice is open to that objection or that it is defective. The second paragraph of the Notice states "the following lands, railroads and tramroads" will be benefited and should be included in the proposed drainage district. At the end of a long list of land descriptions there appears:

"Railroads: (here trackage is described as to length, and also names section, township and range through which it runs).

The objection here raised by appellants was decided against their contention in the case of *Burns* v. *Fisher,* 171 Ark. 1012, 287 S. W. 205.

Our conclusion that the Notice was sufficient disposes of appellants' only other contention which challenged the trial court's jurisdiction.

Affirmed.