MODE *v.* HENLEY.

5-1190                                          302 S. W. 2d 73

Opinion delivered May 20, 1957.

*John F. Park* and *House, Moses & Holmes,* for appellant.

*Bailey, Warren & Bullion,* for appellee.

PAUL WARD, Associate Justice. This litigation arises out of a dispute over a small triangular parcel of land in the Northwest ¼ of the Southwest ¼ of Section 18, Township 3 North, Range 13 West, in Pulaski County. Highway 65 runs east and west across the north portion of the said Northwest ¼ of the Southwest ¼.

Appellee Henley, who was the plaintiff below, claims title to a rectangular strip of land which, for later reference and convenience, we will describe as follows: Beginning at a point hereafter referred to as (A) where the south line of Highway 65 intersects the west line of the above described 40 acres, thence east along the south line of Highway 65 218 feet to a point called (B), thence south 807 feet to a point, thence west 218 feet to a point, thence north 807 feet to the point of beginning.

On February 28, 1948 appellee Henley received a deed from Orville E. Bennett in which the land was described as follows:

"The North four (4) acres of all that part of the fractional NW ¼, SW ¼ of Section 18, Township 3 North, Range 13 West, that lies south of the right of way of Highway No. 65 (Little Rock and Conway Highway), and west of the county road leading from said highway south across the NW ¼, SW ¼ of said Section 18; said plot of ground being 807 feet long north and south, and approximately 218 feet wide on the north and south end thereof."

Bennett purchased the land, by the same description, in 1946. Appellee's chain of title goes back to about the year 1934 (to a common source with the title of appellants) with the land always being described as above set forth.

The difficulty giving rise to this litigation comes about in this way. In 1934 it was only 120.7 feet from the point (A) heretofore described to the west line of the "Crystal Hill Road" which, at that time, left Highway 65 and ran in a southeasterly direction for approximately 115 feet to where its course changed to due south. However, when appellee received his deed in 1948 that portion of the Crystal Hill Road first above described was no longer in existence and all traces of it had disappeared. Just when all trace of this part of the road disappeared does not clearly appear, but it was some time after 1936 and before 1948 and most likely before 1946. Some time after 1936 Crystal Hill Road was changed to run due north to its intersection with Highway 65. This change in the road has resulted in confusion relative to the title of the triangular parcel of land (or a part of it) lying somewhere between the present location of Crystal Hill Road and its former location.

Appellee, Henley, takes the position (a) that he has record title to all the rectangular parcel of land (218 feet by 807 feet), or if not, (b) that he has ac-

quired title to said parcel by adverse possession. Appellant, Mode, contends (c) that he has a good record title to the small triangular parcel, in the northeast corner of the rectangle, and if not, then (d) he has title by adverse possession. After the introduction of voluminous testimony and exhibits, the trial court held in favor of appellee, Henley, and quieted his title to the rectangular parcel of land above described, which, of course, includes the disputed triangular parcel, and the trial court also ordered appellant, Mode, to remove a building which he had erected on the triangular parcel of land which is in dispute. After a careful examination of the record we have concluded that the trial court was correct and that its decree must be affirmed.

(a) In our opinion appellee Henley cannot rely on his record title. When the land which he now claims was first described many years ago the Crystal Hill Road limited the conveyances to all the land on "the west side thereof," which, as before set out, consisted of approximately 120.7 feet on the north side. Such a description, at that time, did not convey any land east of the Crystal Hill Road. See: *Paschal* v. *Swepston,* 120 Ark. 230, 179 S. W. 339, where in speaking of descriptions, it was said that "distances must yield to courses, and courses to monuments."

(b) The testimony showing that appellee had adverse possession of the disputed parcel of land for more than 7 years before this litigation orginated is not exactly satisfactory but we cannot say that the chancellor's finding on this point was against the weight of the evidence. To begin with, it is easy to understand how appellee could have in all good faith thought he owned the triangular parcel of land fronting 218 feet on Highway 65, because, when he got his deed in 1948, there was nothing to indicate that any of the land might lie east of Crystal Hill Road. This fact, while it does not strengthen his record title, must be considered in connection with his claim of adverse possession. Bennett testified that he thought he was getting the full rectangular parcel of land, that he had it surveyed, and that he erected a marker or stake at the northeast cor-

ner which was 218 feet east of the point heretofore designated as (A). Appellee testified that when he got his deed in 1948 he had the land surveyed and marked off 218 feet frontage on Highway 65. He further stated that Mr. Bennett and a Mr. Jack Milam were with him when he measured the line by a steel tape, and that he had claimed and occupied the full 218 feet frontage since February 1948. He further testified that he spent something like $7,000 improving his property. It appears that that portion of the rectangular parcel just south of Highway 65 is much lower than the surface of the highway, and that appellee and Bennett over the years placed thereon a large amount of dirt. We get the impression that this dirt was placed on the entire 218 feet frontage adjacent to Highway 65. At least the contrary was not made to appear upon cross examination. When he learned that Mr. Mode was thinking of erecting a building close to the east line of his property appellee marked off boundaries of the land that he was claiming and advised Mode not to encroach thereon. Appellee admits that there is a strip of land approximately 30 feet wide between the east line of his property and the west line of Crystal Hill Road (as now located) to which he does not claim title. Jack Milam testified that he was with appellee in 1948 and that they found he had 218 feet frontage on Highway 65. He says that they measured from the point (A) heretofore mentioned along the south line of the highway for 218 feet and that they drove a stake down at that point. He further stated that the only old road which he could see or knew anything about was one that apparently went down to some cabins which had been built on the rectangular parcel of land. The record discloses that several buildings had been placed on the rectangular parcel of land by appellee and his predecessors. It seems that there was one large stucco building near the north end of the property and several small ones to the south. Exhibit No. 3 introduced into the record shows that one of these cabins was located within 10 feet of the east line of the rectangular parcel heretofore described. Since nothing was brought out on cross examination to discredit the

above testimony it was sufficient, we think, to sustain the findings of the chancellor that appellee had claimed and occupied the entire rectangular parcel of land for more than 7 years, and that the chancellor was correct in quieting title thereto in appellee.

(c) Appellants' claim to a record title covering the lands in dispute cannot be sustained for the reason that the description upon which they depend is not definite. It reads:

"A part of the NW ¼ of the SW ¼ of Section 18, Township 3 North, Range 13 West, in Pulaski County, Arkansas; more particularly described as follows, to-wit: Beginning at the northeasterly boundary line of the old Crystal Hill Road; thence east 98 feet; thence south 162 feet to a point; thence northwest 220 feet to the point of beginning."

From the above description it is impossible to locate the beginning point and there is nothing to show that the land is adjacent to Highway 65.

(d) Appellant makes no serious effort to establish a title to the disputed land by adverse possession. There is no testimony that the land in dispute was occupied by anyone other than appellee until appellant began erecting a building shortly before this litigation began.

Therefore we conclude that the trial court was correct in ordering appellants to remove the encroachments from appellee's land and in quieting appellee's title to a rectangular parcel of land fronting 218 feet on Highway 65 as correctly and more particularly described in the trial court's decree.

Affirmed.