Edward L. GLOVER and Lyndel B. GLOVER,
his wife; Vernon ASHCRAFT and Bonnie ASHCRAFT,
his wife et al *v.* I. H. WALTER and Hannah
WALTER, his wife et al

5-5720                                    483 S.W. 2d 713

Opinion delivered July 24, 1972
[As Modified on Denial of Rehearing September 11, 1972.]

*Reinberger, Eilbott, Smith & Slaten, Wilton E.
Steed, Jimmy D. Joyce* and *John Langston,* for appellants.

*Coleman, Gantt, Ramsay & Cox,* for appellees.

W. B. Putman, Special Justice. Appellees brought
this action against appellants to quiet title to certain
property in Sections 3, 4, 9 and 10, Township 4 South,
Range 10 West in Jefferson County, Arkansas, near
a point on the Arkansas River designated mile 126.

It is the theory of the appellees that the land in question accreted to their property which lies on the west or right bank of the Arkansas River. Appellants Ashcraft and Willis assert title to a portion of the property by virtue of two tax deeds acquired from the State of Arkansas in 1956 and 1957 and the payment of taxes thereon every year since.

Appellants Glover maintain that the disputed property is not an accretion but developed as an isalnd in the river and that they are the owners of that portion in the East Half of Section 10 because of the provisions of Ark. Stat 10-202, which provides as follows:

*Lands formed in navigable waters-Title in riparian owner.* "All land which has formed or may hereafter form, in the navigable waters of this State, and within the original boundaries of a former owner of land upon such stream, shall belong to and the title thereto shall vest in such former owner, his heirs or assigns, or in whoever may have lawfully succeeded to the right of such former owner therein."

The chain of title of the appellants Glover to the East Half of Section 10 (except that portion in the river and occupied by the levee) and their payment of taxes thereon are not in dispute.

The trial court found that the land was as accretion to the property of appellees, that the appellants had no right, title or interest therein and entered a decree quieting title in appellees as prayed in their complaint.

From that decree this appeal was taken.

The paramount question to be decided in determining the rights of appellees is whether the land in dispute developed as an accretion to the west or right bank of the Arkansas River or whether it developed as an island. If it developed as an island the appellees

cannot prevail for although they allege actual adverse possession, the evidence clearly is insufficient to support such an allegation and their only serious claim to ownership is by way of accretion.

At the trial a number of witnesses gave testimony tending to shed some light on the manner in which the disputed land came into existence, but the most helpful evidence in making this determination is a series of maps, plats and aerial photographs introduced by the appellees, and largely prepared by the United States Corps of Engineers showing the section of the river in question at various times from 1825 to August of 1967. The survey dated April 20, 1825, shows that at that time the river ran through the West Half of Section 10 and the Fractional West Half of Section 3. No land formation of any kind is shown to have existed in the river at that time. A subsequent map dated May-December, 1917, however, shows a prominent land formation surrounded by the main channel of the Arkansas River on the east and a smaller distinct channel on the west. An aerial photograph made in 1945 discloses an unmistakable "island" at mile 126 with well established channels on both the east and west sides. Other such maps and photographs reveal that the west channel remained in existence until the deliberate diversion of the flow of water by the erection of dikes between the land formation and the mainland. These exhibits disclose a gradual shifting of the channel of the river from the west to the east between the years of 1825 and 1967.

We are of the view that the property in question did not develop as an accretion to the land of appellees, but was instead an island and that the Chancellor's findings to the contrary are against the preponderance of the evidence: It follows therefore that the complaint of appellees, plaintiffs below, should be dismissed, except as to such land (not a part of the island in dispute) as the trial court on remand may find has accreted to the west bank of the old west channel of the river.

There remain the questions of what rights, if any, the appellants have to the disputed land. We have concluded that the appellants Ashcraft and the heirs of M. F. Willis have none.

It is true, of course, that Vernon A. Ashcraft and M. F. Willis obtained a tax deed from the State of Arkansas in 1956 covering the Southwest Quarter of Section 3, Township 4 South, Range 10 West "Exc. that Pt. S. of River." But as the learned Chancellor pointed out Ashcraft's exhibit no. 12 reveals that *all* of the Southwest Quarter of Section 3 lies south of the river and is therefore within the exception. This deed does not, of course, constitute color of title so as to give appellants constructive possession by the payment of taxes which will ripen into ownership in seven years under the provisions of Ark. Stat. 37-102.

We are likewise compelled to the conclusion that the tax deed to Vernon A. Ashcraft of July 22, 1957, does not constitute color of title. The deed purports to convey "All Frl. NW exc. N. of R. (125 ac.)", and SE exc. N. of R. (88 ac.)" of Section 3, Township 4 South, Range 10 West. Under the decisions of this Court the description is insufficient and the deed is void. In *Simms* v. *Rolfe*, 177 Ark. 52, 5 S.W. 2d 718 (1928), this Court invalidated a levee tax sale because the property was sold and later deeded under the description "W of R NE/4, Sec. 8, Twp. 5 North range 4 East." In that case, the Court refused to construe "R" as meaning "river," saying:

> "The letter "R" or "r" is the proper abbreviation for range within the meaning of government surveys when used with reference thereto. When used otherwise in an attempted description of land, it means nothing."

*Halliburton* v. *Brinkley*, 135 Ark. 592, 204 S.W. 213 (1918), see also *Riley* v. *Eight Mile Drainage Dist. No. 5*, 223 Ark. 533, 267 S.W. 2d 302 (1954).

The chain of title to and proper payment of taxes on the East Half of Section 10 by appellants Glover is not in question. Having determined that the preponderance of the evidence shows the land formation in question to have been formed as an island, it is clear that the appellants are entitled to the benefits of Ark. Stat. 10-202 to the extent that any portion of the island lies within that description.

Special Justices RICHARD MAYS and G. D. WALKER concur in this opinion.

HARRIS, C. J., and BYRD AND HOLT, JJ., not participating.