The Honorable Bobby G. Wood State Representative 2806 Harrisburg Road Jonesboro, AR 72401
Dear Representative Wood:
This is in response to your request for an opinion regarding a drainage district's assessment of property. You state that although a large majority of property owners in the district did receive sufficient notice, approximately 200-250 property owners' legal descriptions were omitted from the legal notice. You have asked whether the lack of notice as to these property owners voids the entire assessment until such time as all of the property owners are given sufficient notice.
Although our review of Arkansas case law has not disclosed a case directly on point, the Arkansas Supreme Court has stated that "[t]he whole object of the statute relating to notice in the formation of drainage districts and the assessment of benefits therein is to give notice to that part of the public affected thereby, and is jurisdictional." Drainage Dist. No. 9 of MillerCo. v. Merchant's Planters' Bank, 176 Ark. 474, 479,2 S.W.2d 1079 (1928); see also Paschal v. Swepston, 120 Ark. 230,179 S.W. 339 (1915); Lane v. Cook, 135 Ark. 528, 205 S.W. 887
(1918). The court has thus held that where the notice failed to correctly describe the area to be incorporated in the district, it was fatal to the validity of the proceedings. Pascal,120 Ark. at 236. The court in Pascal stated:
 In the establishment of the various kinds of improvement districts, jurisdiction is conferred by the publication of a notice in which the boundaries are defined.
Id. at 233.
The Arkansas cases wherein the notice issue is raised appear to deal primarily with challenges to the formation of the district. The language in Drainage Dist. No. 9 of Miller Co., supra,
seems to indicate, however, that a similar analysis may apply with respect to the assessment of benefits following the district's organization. While resolution of the issue may ultimately require resort to the courts, it is my opinion that one might reasonably contend, based upon existing case law in this area, that the failure to comply with statutory notice requirements invalidates the entire assessment.[1] A challenge to this effect would of course involve a collateral attack upon the assessment, and would thus only lie if the assessment is indeed void on its face. See Main v. DrainageDistrict No. 2 of Monroe County, 204 Ark. 506, 508,162 S.W.2d 901 (1942).
We should note, finally, that these conclusions are, of necessity, of a general nature, and that all of the particular facts and circumstances must be considered. Any decisions concerning the assessment process should be made with the benefit of the assistance of counsel. We suggest, therefore, that the district confer with counsel to whom it ordinarily looks for advice in its efforts to address these matters.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] A.C.A. § 14-121-404(c) states that the notice "shall give a description of the lands assessed for drainage purposes in the district, so that the owners of the lands, if they desire, may appear before the county court on a certain day, naming the day and present complaints, if they have any, against the assessment of any lands in the district."