### KELLY V. SALINGER.

Decided April 5, 1890.

*Payment of taxes—Sufficient description of land—Forfeiture under another description.*

> When an assessor describes land upon the assessment books in such manner as to identify it, payment of taxes under such description renders. a subsequent forfeiture of same land for taxes of same year under another description illegal and void.

APPEAL from *Monroe* Circuit Court in Chancery.

M. T. SANDERS, Judge.

Bridget Kelly and others sued L. Salinger and others, in the circuit court of Monroe county, in ejectment for that part of the northeast quarter of the southwest quarter of section ten, in township three north, and range two west, lying south of the Memphis & Little Rock railway track, and adjacent to the incorporated town of Brinkley, comprising about four acres. The complaint alleged that the east half of the southwest quarter of said section was forfeited to the State for the taxes of the year 1876, and plaintiffs deraigned title to the northeast quarter of the southwest quarter thereof from a purchaser from the State. Defendants answered that

their grantors, Gunn & Beck, in 1875 owned the land in con-
troversy, and that they "caused" the same, together with
other land adjacent thereto, to be laid off into blocks and
lots, and designated the same as blocks 73 and 74, and, for
the year 1876, that being all the land owned by said Gunn
& Beck in said sectional subdivision, the tax assessor of
Monroe county listed and assessed the same upon his assess-
ment rolls as blocks 73 and 74 of the town of Brinkley, which
was carried on to the tax-books from said assessment by the
clerk by the same designation, and the taxes extended and
made out upon the tax-book thereon as in other cases of real
estate, and that all the taxes so assessed, levied, extended
and charged upon said lands were fully paid for the year
1876 and all subsequent years up to the present time." The
court overruled a demurrer to the answer. Plaintiffs ap-
pealed.

*John C. Palmer* for appellants.

No such description as blocks 73 and 74, town of Brink-
ley, was known to the laws of Arkansas. No plat had been
recorded, nor was there any proof that the land had been
laid off as an addition to Brinkley, as provided by law. The
description is an arbitrary one not recognized by law, and
the land was not properly assessed, and hence the taxes
were not properly paid. Gantt's Dig., sec. 5116-17; 29
Ark., 486; 102 Ill., 374; 96 Ill., 369; Burroughs on Tax.,
355-6; 1 Desty, Tax., 565, 569, 541; 2 Desty, Tax., 650,
sec. 119; 2 Desty, Tax., 675, sec. 121; 53 N. Y., 49.

Property must be assessed and described by reference to
government surveys or by metes and bounds. If desig-
nated as a lot, where there is no plat to refer to, it is not
capable of taxation, as no judgment can be rendered against
it for taxes. 1 Desty on Taxation, 565; 96 Ill., 369. Also
Desty, Tax., 569; 102 Ill., 374; Blackwell on Tax Titles,
23 *et seq.*; 2 Ohio, 287; 10 Ohio, 433.

*J. N. Cypert* for appellees.

The State cannot, by her agent, assess lands under two descriptions and collect the taxes under one and sell for the same taxes for the same year under the other description. The description was sufficient to identify the land. Secs. 5116-17, Gantt's Digest. The taxes were paid and the sale was void.

PER CURIAM. The description of the land in controversy as "blocks 73 and 74 of the town of Brinkley," it appears, is sufficient to identify it. The payment of the taxes charged against it by that description for the year 1876 rendered the subsequent sale or forfeitures of it for the taxes of the same year illegal and void. *Hershey v. Thompson*, 50 Ark., 484, 489.

Judgment affirmed.