BUCKNER v. SUGG.

Opinion delivered June 25, 1906.

1. TAXATION—UNSURVEYED LAND.—Land that is private property is subject to taxation, under Kirby's Digest, § 6873, though it does not appear upon the public surveys. (Page 445.)

2. SAME—VALIDITY OF ASSESSMENT.—In order to make a valid assessment and sale of land for taxes, the land must be described with such certainty as will fully apprise the owner and the public generally what lands are to be offered for sale in case the tax be not paid. (Page 445.)

3. SAME—PRIVATE SURVEY.—A description of land in a tax assessment as the south half of a certain section within a designated township and range, though not appearing upon the Government surveys nor upon any recorded plat, may be aided by extrinsic evidence of facts which connect the description with the particular tract sought to be charged. Thus it may be shown that the land in question had been surveyed by the county surveyor by extension of the lines of the original public survey, and that it was popularly known by the description thus afforded. (Page 446.)

Appeal from Mississippi Chancery Court; *Edward D. Robertson*, Chancellor; reversed.

STATEMENT BY THE COURT.

The plaintiffs, H. A. Suggs and others, are the owners of fractional section 7, township 15 north, range 13 east, in Mississippi County, containing 358 acres, as shown by the original government survey, and bordering upon Buford's Lake, a body of water meandered and platted upon said public survey.

The land in controversy was formerly within the bed of said

lake, which became uncovered many years ago by gradual recession of the waters, and is claimed by the owners of said section 7 by virtue of their riparian rights as owners of the adjoining lands. If the lines of the public survey had been extended so as to embrace this land, it would be properly described, according to said survey, as the south half of section 12 in township 15 north, range 12 east. For more than twenty years prior to the commencement of this suit it has been commonly known and designated by that description, and in the year 1893 the lines thereof were run and established by the county surveyor. It was regularly assessed for levee taxes of the St. Francis Levee District under the description named above (south half of section 12, township 15 north, range 12 east), and in 1897 was sold for levee taxes under that description by a commissioner of the chancery court under the decree of that court foreclosing the tax lien of the levee district. The defendant, George Buckner, claims title to said land under said sale, and the plaintiffs brought this suit in equity against the defendant to cancel said claim as a cloud upon their title to said section 7 and the land in controversy joined thereto by reliction.

The complaint alleges that the south half of section 12 was sold under a levee decree rendered in 1897 for the levee taxes of 1895 to J. T. Lasley, and by him conveyed to the defendant, George Buckner, and that the assessment for levee taxes and decree based thereon are void, because the land was "unsurveyed land lying within Buford's Lake, and was not subject to levee taxation of any kind."

The defendant made answer, admitting that he claimed title to said land under said decree and sale for levee taxes, and alleging that said decree and sale were in all respects regular and valid, and that the title to said land passed thereunder to the purchaser at said sale.

During the progress of the suit all the owners of the other lands fronting Buford's Lake, as originally meandered, were brought in as parties.

Upon final hearing of the cause a decree was rendered declaring said sale for levee taxes to be void and canceling the defendant's said claim of title thereunder as a cloud upon the titles of the owners of the lands fronting on the lake.

The defendant appealed to this court.

*D. F. Taylor* and *Murphy, Coleman & Lewis,* for appellant.

1. The complaint alleges that the assessment for levee taxes and the decree based thereon are void because the land was unsurveyed land lying within Buford's Lake, and was not subject to levee taxes nor taxation of any kind. This is the sole issue. "All property, whether real or personal, in this State * * * shall be subject to taxation." Kirby's Digest, § 6873.

2. As to the sufficiency of the description, it is shown that the section was surveyed and subdivided by the county surveyor in 1893, and all its lines established, and that it had been popularly known as "section 12" for more than 20 years. The description employed was not only pertinent and accurate, but, in view of the facts, was the only description which would notify the owner and the public of what land was being assessed and the charge against it, and was sufficient. Cooley on Taxation (2 Ed.), 404-405; *Ib.* (3 Ed.), 740; *Ib.* (3 Ed.), 747; 27 Am. & Eng. Enc. Law (2 Ed.), 685, note 1 and cases cited; 99 U. S. 441; 71 Md. 20; 85 Minn. 518; 61 Me. 203; 17 N. H. 426; 71 Ala. 529; 23 Cal. 163; 33 Cal. 152; 15 R. I. 48; 58 Pa. 266; 42 N. J. L. 401; 194 Ill. 24; 86 Md. 440; 34 Minn. 67; 45 Minn. 502; 64 Ark. 580; 66 Ark. 422; 59 Ark. 22; 40 Ark. 237; 68 Ark. 544; 73 Ark. 221; 76 Ark. 261; 53 Ark. 114; Kirby's Digest, § § 6976, 6980, 6989.

*Driver & Harrison,* for appellee.

If the land was subject to taxation, it was not as "section 12," but as section 7 and in an adjoining range. The reliction could not stand separate and apart from the land to which it is added, but becomes a part of the whole, and governed by the same description. 1 Am. & Eng. Enc. Law (2 Ed.), 469; 84 Mo. 353. This court will take judicial knowledge that section 12, in township 15 north, range 12 east, does not exist, and has never existed. 34 Ark. 224; 28 Ark. 378. It follows that there was nothing to be taxed and nothing to be obtained by a purchaser under a pretended sale. A description sufficient to convey title as between vendor and vendee may not be sufficient in a tax proceeding. 38 Minn. 384. See also 50 Ark. 484. A description in a tax proceeding which is inherently and fatally defective can not

be helped out by extrinsic evidence. 3 N. D. 107; 23 Tex. 36; 21 Cal. 291; 60 Ark. 460.

McCULLOCH, J., (after stating the facts.) Appellant contends that the sole question raised by the pleadings is that the land in controversy was not subject to taxation because it "was unsurveyed land lying within Buford's Lake." The complaint sets forth all the facts concerning the location, etc., of the land, and therefore presents for our consideration, not only the question just stated, but also the further one, now insisted upon by appellee, that the description of the land was so imperfect that the assessment and sale were void.

The first-named question is easily disposed of in favor of the validity of the assessment and sale by reference merely to the fact that the land was private property, even though unsurveyed, and was, under the statutes of the State, subject to State and county taxes, as well as levee taxes. The statute provides that "all property, whether real or personal, in this State," except certain kinds which are declared to be exempt, shall be subject to taxation. Kirby's Digest, § 6873. The act creating the St. Francis Levee District provides that all lands situated within the district shall be subject to levee taxes. Act Feb. 15, 1893, § 7.

Was the description sufficiently certain and definite to put the owner of the land on notice and authorize a valid assessment and sale?

It is well settled, not only by the decisions of this court, but by the adjudged cases in the courts of other States, as far as we can discover, that, in order to make a valid assessment and sale of land for taxes, the land must be described with certainty upon the assessment rolls and in all subsequent proceedings for the enforcement of payment of the tax. The chief reason for this requirement is that the owner may have information of the charge upon his property. It has sometimes been said that a description that would be sufficient in a conveyance between individuals would generally be sufficient in assessments for taxation. We do not, however, consider that a safe test. The description in tax proceedings must be such as will fully apprise the owner, without recourse to the superior knowledge peculiar to him as owner, that the particular tract of his land is sought to be charged with a tax lien. It must be such as will notify the public what lands

are to be offered for sale in case the tax be not paid. 1 Cooley on Taxation (3 Ed.), p. 742; *Keely* v. *Sanders,* 99 U. S. 441.

The lands now within the meandered bounds of the lake have not been officially surveyed and platted, though the lines were run by the county surveyor by extension of the lines of the original public survey, and the tract in question has been popularly known by the description thus afforded. The controlling question in this case, therefore, is whether a description otherwise than by reference to plats of the original public survey or to other recorded plats properly identifying the tracts or lots of land can be aided by extrinsic evidence of facts which serve to connect the description with the particular tract or lot sought to be charged. The affirmative of this proposition seems to be established by the great weight of authority. Many of the courts have gone further, in support of this view, than we have felt willing to go, but an examination of the following cases will serve to illustrate the established doctrine: *Cooper* v. *Holmes,* 71 Md. 20; *Textor* v. *Shipley,* 86 Md. 440; *French* v. *Patterson,* 61 Me. 203; *Smith* v. *Messer,* 17 N. H. 426; *Driggers* v. *Cassady,* 71 Ala. 529; *People* v. *Leet,* 23 Cal. 161; *Hopkins* v. *Young,* 15 R. I. 48; *State* v. *Woodbridge,* 42 N. J. L. 401; *Stewart* v. *Colter,* 31 Minn. 385; *Godfrey* v. *Valentine,* 45 Minn. 502; *Marsh* v. *Nelson,* 101 Pa. St. 51.

This court is already committed to the rule that evidence *aliunde* is admissible to connect the land with the description used in the assessment list and other tax proceedings. In *Lonergan* v. *Baber,* 59 Ark. 15, the court said: "It is true that an assessment which does not identify the land is said to be void, but evidence *aliunde* is admissible to identify." In *Kelly* v. *Salinger,* 53 Ark. 114, the court held that a description in an assessment which designated the land by lot numbers upon an unrecorded private plat was sufficient to identify it.

Applying the established rule that a description in tax proceeding is sufficient which informs the owner and the public with certainty what particular tract of land is sought to be charged, how can it reasonably be said that this description is deficient, or that it fails to give such information? The land is shown to have been popularly known and designated by this description. That description can not possibly be applied to any

other tract of land. Aside from the popular interpretation of this description, it is not reasonably susceptible of any other interpretation than that it was meant to designate a tract of land bounded by extended lines of the public survey.

In *Chestnut* v. *Harris,* 64 Ark. 580, the court upheld a tax sale of land described by the abbreviation "N. E. Sec. 24, T. 13, R. 7, 40 acres." The court said: "The statutes of this State provide that each tract or lot of real property shall be so described in the assessment thereof for taxation as to identify and distinguish it from any other tracts or parts of tracts; and the same shall be described, if practicable, according to section, or subdivisions thereof, and congressional townships. They recognize the survey of the United States, and the division of lands, according thereto, into townships and ranges, and sections and parts of sections, and that a description according to such survey will be good and sufficient. For this reason it has been held that a description of land for assessment by the abbreviations commonly used to designate government subdivisions would be sufficient. * * * They are not reasonably susceptible of any other interpretation."

This court held, in *Towell* v. *Etter,* 69 Ark. 34, that a description of an original tract of riparian land according to the plat of the public survey included the accretions thereto, so that a sale for levee taxes under the original description carried title to the accretion. We are not, however, vexed in the case at bar with the question of double assessment of the land in controversy. If it be found that the description used in the tax proceedings is sufficient to identify the land, the decree in the condemnation suit is conclusive of the fact that the taxes claimed were legally assessed and had never been paid. The sole question for determination in testing the effect of the sale is that of the sufficiency of the description.

We think that the description was, when aided by evidence that the land has been surveyed and is popularly known and designated thereby, sufficient to form the basis of a valid assessment and sale for levee taxes.

The chancellor was, therefore, in error in holding that the sale was void.

The decree is reversed, and the cause remanded with directions to dismiss the plaintiff's complaint for want of equity.