HALLIBURTON *v.* BRINKLEY.

## Opinion delivered June 10, 1918.

1. ADVERSE POSSESSION—DURATION OF POSSESSION.—Title by adverse possession for seven years is not established by defendant by proof that actual possession was acquired since January 1, 1912, where suit against him was filed September 4, 1916.

2. SAME—COLOR OF TITLE—TAX DEED.—A tax deed void for insufficient description is not such color of title as will set in motion the two-year statute of limitation provided by Kirby's Dig., § 5061.

3. TAXATION—TAX DEED—DESCRIPTION.—A description in a tax deed is sufficient if the description itself furnishes a key through which the land may be definitely located by proof *aliunde,* but not to cure or perfect description which in itself is void, and offers no key or suggestion through which the land may be located. Thus, a tax deed describing the land as N. of R. R. frl. S. W. ¼, sec. 26, T. 6 N., R. 7 E. is void on its face.

Appeal from Crittenden Circuit Court; *W. J. Driver,* Judge; affirmed.

*H. R. Boyd* and *W. R. Satterfield,* for appellant.

1. The court erred in refusing to transfer the cause to the chancery court. 46 Ark. 272; 76 *Id.* 426; 95 *Id.* 121; 80 *Id.* 343. A flagrant case of *laches* is alleged and shown. 81 Ark. 352; *Id.* 432; 88 *Id.* 333; 90 *Id.* 430; 95 *Id.* 18; 93 *Id.* 298; 99 *Id.* 455; 99 *Id.* 480.

2. Appellants and their predecessors in title had the actual, open, adverse and notorious possession of the land for more than the statutory period under a tax title. Halliburton, under the contract with Hammett, had the equitable title to the land. Rooks and appellants cleared the land and made improvements. One who holds land under an equitable title cannot be ejected. 85 Ark. 25. An equitable defense may be made to a suit at law. 26 Ark. 54; 27 *Id.* 632; 71 *Id.* 484. Appellees are barred by Kirby's Digest, § 5061.

3. N. of R. R. means North of Railroad and is definite, certain and well known. On the first appeal (129 Ark. 334) the case was on demurrer. The case now is here upon the answer and agreed statement of facts. It was shown that the railroad ran through the land. The

description identifies the land as north of the railroad. 16 Cyc. 861. As to judicial knowledge see 68 Ark. 289; 93 *Id.* 604; *Ib.* 269; 110 *Id.* 595; 90 *Id.* 599. The description is sufficiently definite to identify the land and the tax deed was not void. See authorities cited on former appeal.

*B. J. Semmes,* for appellees.

1. This is an ejectment suit. Laches is no defense to a suit at law. 67 Ark. 320; 70 *Id.* 371; 108 *Id.* 248; *Ib.* 515. The court properly refused to transfer to equity. If transferred, being still a suit at law, laches was no defense. But after the ruling a trial was had on the merits. Appellants waived any error. 31 Cyc. 752; *Ib.* 746; 30 Ark. 684.

2. The tax deed was void and was not color of title. No title was acquired by the statute of limitations. Kirby's Digest § 5061; 55 Ark. 218; 76 *Id.* 460; 17 S. W. 878; 88 *Id.* 1005. There was a fatal hiatus in the chain of title. 2 C. J. 171. Appellants had no color of title. 89 Ark. 450. A bond for title does not constitute color of title. 67 Ark. 184; 53 S. W. 1060. Kirby's Digest, § 5061, does not apply. 72 Ark. 601; 84 S. W. 224. Short periods of limitation are construed strictly. 86 Ark. 300, 110 S. W. 1047. Statutes of limitation should not be applied to cases not clearly within their provisions. 25 Cyc. 990. See also as to short periods of limitation, and strict construction, 87 Ark. 409; 114 *Id.* 47; 88 *Id.* 277. Possession must be accompanied by a deed. 73 Ark. 221; *Ib.* 344; 83 S. W. 946; 84 *Id.* 703. There was no deed to the State, nor have appellants any deed from the levee board or Hammett. 89 Ark. 450; 116 S. W. 899. The levee sale was void. 196 S. W. 118. The seven year statute is the only statute applicable and that does not apply here because appellants' possession was only four years. The two year statute does not apply. 76 Ark. 601.

3. It was decided on the former appeal that the levee tax sale was void. 196 S. W. 118. That decision is the law of this case. 4 C. J. 1093, 1099; 85 Ark. 158;

55 *Id.* 609; 14 *Id.* 304; 10 *Id.* 1,86.   The matter is now *res adjudicata.*   91 U. S. 526.

HUMPHREYS, J.   This case was before us on former appeal and is reported under the style of *Brinkley v. Halliburton,* in 129 Ark. at page 334. For the substance of the complaint, reference is made to that opinion.   The trial court had sustained a demurrer to the complaint and dismissed it, but this court reversed that judgment and remanded the cause with directions to overrule the demurrer.   On remand of the case the demurrer was overruled and the defendants, appellants on this appeal, filed an answer to the effect that the letters "RR" appearing in the description in the tax deed, upon which they relied, referred to the Chicago, Rock Island & Pacific Railroad which passes over the land, and that by the aid of such evidence the description in the tax deed is rendered definite and certain; and pleaded the further defenses of laches and two and seven years' statutes of limitation, and thereupon, moved to transfer the cause to the chancery court.   The motion to transfer the cause to the chancery court was overruled and an exception to the ruling was saved by appellants.   A reply was filed to the affirmative allegations in the answer.   The cause was then submitted to the court upon stipulations of counsel without a jury, which stipulations are as follows:

"For the purpose of expedition and avoidance of expense, it is hereby agreed by B. J. Semmes, attorney for plaintiffs, and H. R. Boyd, attorney for defendants, that the following facts are true, and may be used in the trial of the above cause, and may be made a part of the record therein:

### I.

"That the title to the southwest quarter of section 26, T. 6 North, Range 7 East, of Crittenden County, Arkansas, passed to the State of Arkansas under the Swamp Land Grant of 1850; that the State of Arkansas granted said land to R. C. Brinkley, and issued a patent to him on March 9, 1859, which patent is recorded in Book J, page

170; and that on said date said R. C. Brinkley was the owner of said land, and never conveyed same to anyone.

## II.

"It is agreed that R. C. Brinkley above mentioned died intestate on the 28th day of November, 1878, leaving surviving him his widow, Elizabeth M. Brinkley, who died intestate on the 15th day of October, 1892, and his children, as follows:

1. Lucile B. Brinkley, who died intestate on the 2d day of December, 1893, leaving as her sole heirs at law her brothers and sister hereafter named:

2. W. J. Brinkley, who is now 45 years old;

3. R. C. Brinkley who is now 47 years old;

4. J. M. Brinkley, who is now 62 years old, and who on the 16th day of May, 1895, conveyed his interest in said land to his wife, Clara F. Brinkley. That J. M. Brinkley and Clara F. Brinkley, the plaintiff herein, are husband and wife, and were married on the 3d day of November, 1876.

5. Elizabeth B. Currier, who is now a married woman, 57 years of age, and that the said Elizabeth B. Currier was married on the 3d day of June, 1885, and has been under the disability of coverture since that date.

## III.

"It is further agreed that the defendants and one W. M. Rooks, under whom defendants claim, have been in actual possession of part of said land, claiming to own the 150 acres which lies north of the Rock Island Railroad since January, 1912, and have continuously since that time paid taxes thereon; that the taxes and improvements paid and made by defendants equal in value the amount of the reasonable rental value of said land and that the rents offset the taxes and improvements, and that the judgment of the court, if in favor of plaintiffs in this case shall be only for possession and costs.

"It is agreed that the taxes for the year 1866 on said land were not paid and that the description under which they were assessed and land sold, was as follows, to-wit:

SW. ¼, Sec. 26, T. 6 N., R. 7 E., 160 A.; and that the collector of Crittenden County sold same to the State of Arkansas under said description on July 8, 1867. That said sale was irregular and that no suit in ejectment could be maintained thereunder, the clerk having failed to affix his certificate to the delinquent list.

"It is agreed that the taxes for the years 1882, 1883 and 1884, on said land were not paid and that the description under which the taxes were assessed and land sold was as follows: Und. Frl. pt. SW.¼, Sec. 26, T. 6 N., R. 7 E., 138 acres; and that the collector of Crittenden County sold same to the State of Arkansas under said description on April 13, 1886.

"It is agreed that on the 29th day of March, 1909, the Board of Directors St. Francis Levee District executed quit claim deed conveying all interest it had in SW. ¼, Sec. 26, T. 6 N., R. 7 E., 160 acres, to J. H. Hammett.

"It is agreed that on the 30th day of January, 1911, J. H. Hammett entered into a contract of sale or bond for title with W. Halliburton in which he agreed to sell said Halliburton all that part of the SW. ¼ lying north of the Rock Island Railroad in Sec. 26, T. 6 N., R. 7 E., a copy of which is attached hereto and made a part hereof.

"It is agreed that Hammett did not pay levee taxes for year 1909; that same went delinquent, and that the Board of Directors St. Francis Levee District brought a suit to foreclose said levee taxes in the chancery court of Crittenden County, at the January term, 1910, under Act No. 262 of Acts of 1909, the complaint warning order, complaint decree and deed, and all proceedings in said cause describing the land as being N. of RR. Frl. SW. ¼, Sec. 26, T. 6 N., R. 7 E., 125 acres; that at said sale W. M. Rooks became the purchaser and deed was executed by Louis Barton, commissioner, to W. M. Rooks in which the last mentioned description was used on the 13th day of November, 1911; that on the 1st day of January, 1912, said Rooks went into actual possession of part of the land lying north of Rock Island Railroad, and cleared and put into cultivation a part of same; that before and up to the

1st of January, 1912, all of the SW. ¼, Sec. 26-6-7 was wild and unoccupied, and in the actual possession of no one, and that 150 acres of said land lie north of the said C. R. I. & P. Railroad.

"It is agreed that the Memphis & Little Rock Railroad was located in said SW. ¼, Sec. 26 in the year 1860 and has remained thereon to this date, and is now known as the Chicago, Rock Island & Pacific R. R.; the said railroad runs through the SW. ¼ in an easterly and westerly direction leaving south of the railroad 10 acres and 150 acres north of the said railroad in said SW. ¼.

"That on the 27th day of January, 1913, W. M. Rooks executed quit claim deed to defendants conveying all interest he had in all that part of the SW. ¼, Sec. 26-6-N, R-7-E, 135 acres, lying north of Rock Island Railroad, to defendants; that defendants and Rooks, under whom they claim, have been in the actual possession of all the cleared land on that part of the SW. ¼, Sec. 26-6-7 lying north of the Rock Island Railroad, claiming title to all of same both wild and cleared, since January 1, 1912.

"It is agreed that the rental value during this time equals the amount of taxes and improvements made on said land, and that no money judgment shall be rendered.

"This suit was filed September 4, 1916.

"It is agreed that the SW.¼, Sec. 26, T. 6 N., R. 7 E., is a regular quarter section containing 160 acres.

"These facts above enumerated constitute all the facts in the lawsuit and it is agreed that judgment shall be rendered thereon.

B. J. SEMMES,

*Attorney for Plaintiff.*

H. R. BOYD,

*Attorney for Defendant."*

It will be observed from the agreed statement of facts that appellants have been in actual possession of all the cleared land on that part of the SW. ¼, Sec. 26, T. 6 N., R. 7 E., on the north side of the Chicago, Rock Island & Pacific Railroad since January 1, 1912, paying taxes thereon and claiming title thereto; and that this suit was

filed September 4, 1916. Their actual possession of said premises existed for only 4 years, 9 months and 4 days prior to the institution of this suit; hence, their defense that they acquired title by seven years' adverse possession is not tenable.

The other defenses must depend upon whether the description in their tax deed is such a description as may be rendered definite and certain by evidence *aliunde*. Appellants can not invoke the statute of limitations of two years provided by section 5061 of Kirby's Digest in favor of tax purchasers, unless the description in the tax deed is sufficient to identify the land involved in litigation. A tax deed void for insufficient description is not such a color of title as will set the statute in motion. *Woodall* v. *Edwards*, 83 Ark. 334. Nor can appellants avail themselves of a plea of laches on the part of appellees as a defense to the cause of action unless they themselves have some interest in the land.

We proceed, at once, then, to a consideration of whether the description in the tax deed is that character of description which may be aided by extrinsic evidence to identify or locate the land. The description in the tax deed is as follows: N. of RR. Frl. SW. ¼, Sec. 26, T. 6 N., R. 7 E., 125 acres. This court has held that a description of land in a tax deed is sufficient if the description itself furnishes a key through which the land may be definitely located by proof *aliunde*. *Kelly* v. *Salinger,* 53 Ark. 114; *Lonergan* v. *Baber,* 59 Ark. 15; *Buckner* v. *Sugg,* 79 Ark. 442. Of course, the converse of this proposition is true. That is to say, extrinsic evidence is not admissible to cure or perfect a description which in itself is void and offers no key or suggestion by which the land may be located. The sufficiency of the description in the tax deed in the instant case was fully considered when the case was before us on former appeal. This court said at that time:

"In special statutory proceedings to enforce tax charges against lands, the abbreviations employed must have been in such general use and knowledge in reference

to government surveys that the meaning thereof will be intelligible, not only to experts but also to persons with ordinary knowledge of such matters.''

. And referring to the use of the letters "RR" in the description further said: "The abbreviation 'RR' is not an abbreviation commonly used to designate government subdivisions. Government surveys were not made with reference to railroads. The abbreviation 'RR' does not necessarily convey the meaning of railroad to one of only ordinary experience in land titles. As suggested by appellants ,(referring to appellants on that appeal) the letters could have reference to Ridge Road or River Road. It might refer to any natural or artificial monument where such letters were used in spelling the monument in mind.''

And the court further said: "Testing the description before us by the rule laid down by this court, we have concluded that the description is fatally defective.'' *Brinkley* v. *Halliburton,* 129 Ark. 334.

We decided in that case that this particular description was void on its face, which was in effect saying, that the description contained no key or suggestion by which the land could be definitely located by evidence *aliunde.* This ruling became, and is, the law of this case.

No error appearing in the record, the judgment is affirmed.