BRINKLEY TOWNSHIP ROAD DISTRICT *v.* DIXON TOWNSHIP
ROAD DISTRICT.

Opinion delivered November 15, 1920.

CERTIORARI—TIME OF TAKING PROCEEDINGS.—Under the rule that cer-
tiorari will be refused when the party seeking it fails to show
that he has proceeded with expedition after discovering that it
was necessary to resort to it, and especially where great public
inconvenience will result from its use, the writ will be denied
where petitioners, seeking to quash judgments consolidating and
changing boundaries of townships and abolishing a special road
district, did not proceed until two or three years after rendition
of such judgments.

Appeal from Monroe Circuit Court; *Geo. W. Clark,*
Judge; reversed.

*C. F. Greenlee,* for appellants.

The county court judgments were valid, and the
circuit court erred in canceling them. The county court

and no other had the right to change the boundary lines of townships. The county court has exclusive original jurisdiction in matters pertaining to roads. This can not be invaded by the Legislature nor any court; act 422, Acts 1911, p. 365; 134 Ark. 121; 135 *Id.* 83; 92 *Id.* 93. The writ of certiorari should have been denied, as it is not the proper remedy, as an appeal could have been taken. 215 S. W. 600.

*Lee & Moore,* for appellees.

Certiorari was the proper remedy. Plaintiffs were not parties to any of the proceedings in the county court and had no right to appeal. 21 Ark. 267; 13 *Id.* 356; 52 *Id.* 222.

It is apparent from the language of the petition that the intention of the petition and the construction placed upon the order of the county court was to enable Brinkley township road commissioners under act 150, Acts 1915, to take supervision of the roads in Brinkley township. 29 Ark. 356; 86 N. E. 440. The county court can not amend or repeal an act of the Legislature. 72 Ark. 201. Where there is a special act applicable the general act does not apply. 68 *Id.* 130; 50 *Id.* 132. The general act is repealed so far as the special act applies. 36 Cyc. 1094; 84 Ark. 329; 215 S. W. 255.

Humphreys, J. This is a proceeding in certiorari, instituted in the Monroe Circuit Court by appellees against appellants, to quash a judgment rendered on the 10th day of April, 1916, in the county court of said county, consolidating Brinkley and Eden townships and changing the township lines of Brinkley and Dixon townships by taking certain territory out of Dixon township and adding it to Brinkley township, and *vice versa,* for the purpose of enabling those interested in constructing and maintaining good roads to construct and maintain same; also to cancel a judgment of said county court made the 3d day of July, 1917, abolishing Dixon Special Road District.

Prior to the rendition of the two judgments sought to be canceled, the Legislature of the State had created Dixon Township Road District by act No. 209, Acts 1915, and the Brinkley Township Road District by act No. 150, Acts of 1915, both for the purpose of using the taxes levied and collected in said districts for rebuilding, repairing, draining, straightening and maintaining the public roads therein.

The cause was presented to the court upon the pleadings and exhibits thereto, which resulted in the cancellation of the judgments. From the judgment canceling the county court judgments aforesaid an appeal has been duly prosecuted to this court.

Appellants insist that the county court judgments were valid, and that the circuit court erred in canceling them. Appellees insist that the judgments were invalid because the effect of the two judgments was to change and modify the boundary lines of special road improvement districts created by the Legislature.

We think it unnecessary to enter upon the discussion as to whether the judgments were invalid, as the case must be reversed for another reason. The first judgment was entered April 10, 1916, and the second on July 3, 1917. The proceeding in certiorari was not instituted until November 1, 1919, more than three years after the rendition of the first judgment, and also two years and a half after the rendition of the second judgment. The subject-matter covered by the two judgments is of a public nature, relating to the change of boundary lines between townships and the transfer of territory from one district to another. Appellants failed to proceed with expedition. This court said in the case of *Johnson* v. *West,* 89 Ark. 604, that "the writ of certiorari is not a writ of right, and its allowance rests in the sound discretion of the court," and in *Black* v. *Brinkley,* 54 Ark. 375, said that the rule "is to refuse it when the party seeking it fails to show that he has proceeded with expedition after discovering that it was necessary to resort to it.

and especially where great public inconvenience will result from its use." · Under the rule thus announced, as applied to the facts in the instant case, it was clearly an abuse of discretion of the court to allow the writ. It should have been denied.

For the error indicated, the judgment is reversed with directions to deny the writ.