MOSELEY v. MOON.

4-6082 144 S. W. 2d 1089

Opinion delivered October 28, 1940.

*Pickens & Pickens*, for appellant.

*Gustave Jones* and *J. Vernon Ridley,* for appellee.

HOLT, J. January 5, 1939, appellant (plaintiff below) filed suit in ejectment in the Jackson circuit court against appellee (defendant below) for possession of certain town lots and the rents accruing therefrom. The property was described as "lots 10, 11 and 12 of block 21 W of the town of Swifton, Jackson county, Arkansas." He based his right to recover upon a tax deed from the state of Arkansas, dated May 1, 1936, alleging that the state acquired title to the lots by forfeiture and sale for the nonpayment of the taxes for the year 1931, and under the further claim that the state's title to said lots, as above described, was confirmed by decree of the Jackson chancery court on February 29, 1937, under the provisions of act 119 of 1935.

The defendant (appellee) answered by a general denial and specifically alleged that the deed relied upon by appellant was void for many reasons, among them being the two here relied upon:

"First. That the description of the land in the assessment, levy, advertisement, sale, certificate of clerk, proceedings in confirmation, and the commissioner's deed, is indefinite and uncertain and hence renders the deed and all proceedings leading up to its execution void.

"Second. That the land was assessed *en masse*, the tax levied, the advertisement, sale, certificate, confirmation and deed also shows *en masse*, and this fact is further relied upon as rendering the whole proceeding leading up to the execution of the deed and the deed void."

By agreement the cause was transferred to the chancery court for trial.

The trial court found (quoting from the decree): "That land described as lots ten (10) eleven (11) and twelve (12) of block twenty-one (21) W of Swifton, Arkansas, was returned delinquent for the taxes sold to the state and afterwards certified to the state, and by the state sold to the plaintiff under the deed exhibited to the complaint; that said sale was confirmed by the decree of the chancery court of Jackson county, Arkansas, prior to the date of said deed.

"The court further finds that by reason of the invalidity and indefiniteness of the description all proceedings had and done under the purported proceedings against defendant's lands are void and the court was without power to confirm the forfeiture and sale of defendant's land," and dismissed appellant's complaint for want of equity.

It will be observed that the chancellor based his decree in favor of appellee on the sole ground that the tax sale was void because of an imperfect and invalid description of the town lots in question and, therefore, that there was lacking the power to sell. It is true the rule is that the property must be sold under a proper and valid description in order to effect a valid sale, and that where there is an imperfect or invalid description there is a lack of power to sell, and the confirmation act, act 119 of the Acts of the Legislature of 1935, does not shut out the defense of an invalid description. It, there-

fore, becomes necessary to determine whether the description, *supra,* is so imperfect as to render it void.

Appellee urges that the description is imperfect, indefinite, and invalid solely because the letter "W" appears after block 21, and cites as authority for this contention the case of *Halliburton* v. *Brinkley,* 135 Ark. 592, 204 S. W. 213. In that case the following description was held void: "N of RR Frl. SW¼, Sec. 26, T. 6 N., R. 7 E., 125 acres."

It was there said: "This court has held that a description of land in a tax deed is sufficient if the description itself furnishes a key through which the land may be definitely located by proof *aliunde. Kelly* v. *Salinger,* 53 Ark. 114, 13 S. W. 596; *Lonergan* v. *Baber,* 59 Ark. 15, 26 S. W. 13; *Buckner* v. *Sugg,* 79 Ark. 442, 96 S. W. 184. Of course, the converse of this proposition is true; that is to say, extrinsic evidence is not admissible to cure or perfect a description which in itself is void and offers no key or suggestion by which the land may be located. The sufficiency of the description in the tax deed in the instant case was fully considered when the case was before us on former appeal. *Brinkley* v. *Halliburton,* 129 Ark. 334, 196 S. W. 118, 1 A. L. R. 1225. This court said at that time:

"'In special statutory proceedings to enforce tax charges against lands, the abbreviations employed must have been in such general use and knowledge in reference to government surveys that the meaning thereof will be intelligible, not only to experts but also to persons with ordinary knowledge of such matters.'

"And referring to the use of the letters 'RR' in that description further said: 'The abbreviation "RR" is not an abbreviation commonly used to designate government subdivisions. Government surveys were not made with reference to railroads. The abbreviation "RR" does not necessarily convey the meaning of railroad to one of only ordinary experience in land titles. As suggested by appellants (referring to appellants on that appeal), the letters could have reference to Ridge Road

or River Road. It might refer to any natural or artificial monument in mind'."

It is our view, however, that that case does not control here.

According to the undisputed record before us, in which there appears a plat of the town of Swifton, there is but one block numbered 21 in the town and this block embraces the three lots in question. The letter "W" is a common abbreviation used in land descriptions generally. No one suggests that it could mean other than "west." It adds nothing to the description and takes nothing from it. We think that the property can be readily located from this description; that the description is good.

Appellee next contends that since the lots were assessed and sold *en masse* that this renders the sale and deed void.

On the record here it appears that "lots 9, 10, 11 and 12, block 21 W, in the town of Swifton," were assessed, the tax levied, the lots advertised, and the sale made *en masse*, and that title in fee to lots 10, 11, and 12, block 21 W, in the town of Swifton, Jackson county, Arkansas, was confirmed in the confirmation suit, *supra*, in the state of Arkansas under the provisions of act 119 of 1935. It is undisputed here that appellee took no action to contest or avoid the tax sale within the year allowed after the date of the confirmation decree confirming the title to this property in the state of Arkansas, which she might have done under § 9 of act 119, *supra*.

It has been held by this court that a tax deed which shows on its face a sale of separate town lots *en masse* for a lump sum is invalid. *Campbell* v. *Sanders,* 138 Ark. 94, 210 S. W. 934. If, therefore, the sale *en masse* cannot be treated as a defect, or irregularity, in the sale that could be cured by the confirmation decree in the suit by the state of Arkansas, under act 119, *supra,* then we would be compelled to hold the deed void. It is conceded, however, in the instant case that the taxes assessed were due and unpaid, the insistance being that the taxes

should have been proportionally assigned against each lot separately. The power to sell, therefore, existed.

Section 9 of act 119, *supra,* among other things, provides: "The decree of the chancellor confirming the sale to the state of such real property, as aforesaid, shall operate as a complete bar against any and all persons, firms, corporations, quasi-corporations, associations and trustees who may thereafter claim said property [sold for taxes] except as hereinafter provided; and the title to said property shall be considered as confirmed and complete in the state forever." Then follows the saving clause which does not apply here.

It is our view that while the sale *en masse* was such a defect, or irregularity, as would render the sale voidable, this defense should have been made in the confirmation suit of the state of Arkansas, or within a year thereafter, by appellee, and not having been made, the effect of the confirmation decree cured this irregularity, since the power to sell existed.

We think the principles announced in one of our most recent cases on the subject, *Commercial National Bank, Trustee,* v. *Cole Building Company,* 200 Ark. 212, 138 S. W. 2d 794, apply here. In that case it was sought to set aside a tax sale and to avoid the state's deed on the ground that the sale was made on a day not appointed by law, and there this court said:

"In the instant case it is not questioned that a valid tax had been imposed, and that the tax had not been paid. It was, of course, an 'irregularity and illegality' to sell the land on a day not appointed by law, which rendered the sale void, and against which relief would have been granted if asked at an appropriate time. This defense might well have been interposed against the rendition of the confirmation decree; but it was not, and, although the sale was void for the reason stated, it was confirmed and held valid. The court had the jurisdiction to render this decree, and it is impervious to the collateral attack now made upon it if the power existed to sell the land.

"It was said in *Berry* v. *Davidson,* 199 Ark. 276, 133 S. W. 2d 442, that, 'If there are any taxes levied or as-

sessed against the land, however defectively that may have been done and when the taxes shall not have been paid, the state has the power to sell.'

"Here, the power to sell existed. In pointing out the distinction between act 296 and act 119, *supra,* it was said, in the case of *Fuller* v. *Wilkinson,* 198 Ark. 102, 128 S. W. 2d 251, that 'Now, act 119 is not thus restricted, and we think the effect of confirmation decrees rendered pursuant to its provisions is to cure all tax sales where there was not lacking power to sell, that is, all sales for taxes which were due and had not been paid.' It is conceded that the taxes for which the lands here involved were sold, were valid, were due, and were not paid, and the power to sell, therefore, existed. The sale on a day not authorized by law was an 'illegality and irregularity' which rendered that sale void; but as the power to sell this land existed, this defense should have been interposed in the confirmation suit, and not having been interposed, it cannot now be asserted."

The decree of the lower court is, therefore, reversed, and the cause remanded with directions to confirm appellant's title as against appellee and for other proceedings not inconsistent with this opinion.