## Cecil PAYTON *v.* Robert E. BLAKE, Elizabeth Blake, Glenda L. Rice, Clinton P. Rice, Jimmie T. Bond, and Debra K. Bond

04-758                                                      210 S.W.3d 74

Supreme Court of Arkansas
Opinion delivered June 9, 2005

*Jenkins Law Firm, PLLC,* by: *N. Donald Jenkins, Jr.,* for appellant.

*Batchelor & Batchelor,* by: *Fines F. Batchelor, Jr.,* for appellees Blake.

*Naif Samuel Khoury,* for appellees Bond.

No brief filed for appellees Rice.

ROBERT L. BROWN, Justice. Appellant Cecil Payton appeals from a circuit court decree which invalidates the tax deed granted to him after he purchased the land at a tax sale held for delinquent taxes. He contends that the circuit court erred in conclud-

ing that the legal description in the tax deed was void and that this made the deed void. We disagree with Payton and affirm the circuit court.

The facts are these. On December 7, 1995, Edith Mayo conveyed the land at issue in this case by warranty deed to appellee Glenda and Clinton Rice (the Rices). On July 29, 1998, the Rices sold the land to appellee Robert Blake on contract based on an installment note executed by Blake showing the Rices as payees. The land purchased was described in the note by a metes-and-bounds description:

> Part of the East half of the NW quarter and part of the West half of the NE quarter of section 22, township 10 North, Range 32 West, Crawford County, Arkansas, more particularly described as follows: Beginning at the NE corner of the East half of the NW quarter: thence West corner of the East half of the NW quarter: Thence West along the north line of said East half 400.9 feet: thence South 01 degree 37 minutes East 1068.65 feet: thence East 210 feet to the point of beginning: thence continue East 291 feet: thence South 01 degree 37 minutes East 1043.25 feet to the center of Arkansa[s] highway 220: thence West 291 feet: thence North 01 degree 37 minutes West 1043.35 feet to the point of beginning.

> Less and except the following:

> beginning at the SE corner of above said tract: thence run in a westerly direction along center of Arkansas highway 220, 135.8 feet: thence North 231 feet: thence East 126.5 feet: thence south 231.4 feet to the point of beginning.

Robert Blake's installment note described the total sales price as $35,000.00 with interest to accrue at a rate of 5.5%. The note required Blake to make 240 payments in the amount of $240.76 each month to satisfy the debt. After purchasing the property, Blake made timely payments on the note, which left an unpaid principal amount of $28,606.50 due as of March 1, 2004. There was some dispute as to whether the Rices or Blake were to pay the real estate taxes. Regardless of which party was actually charged with that responsibility, no taxes were paid for the years 1998 through 2001. As a result, the property was certified by the Crawford County Collector to the State of Arkansas. The Land Commissioner then ordered the property to be sold at public auction to satisfy the tax delinquency.

On May 12, 2003, Payton purchased the certified property for the bid sum of $2,500.00 plus $233.34, which was the amount of unpaid taxes, penalties, interest, and costs remaining due and unpaid on the property. The Land Commissioner conveyed the property to Payton by Limited Warranty Deed No. 140361 which contained the following description of the land in question:

PT W1/2 NE 1/4

Section: 22   Township: 10N   Range: 32 W   Acres: 6.49

Added just below the property description was "Parcel Number: 001-11667-000." The Limited Warranty Deed is attached as an Addendum to this opinion.[1] Robert Blake and his wife, Elizabeth, next brought a quiet title action against Payton and contended that the Limited Warranty Deed was null and void.[2] After bringing suit, Robert Blake continued to make timely monthly payments in accordance with the provisions of the installment note by paying those amounts into the registry of the court.

After a hearing on the Blakes' complaint and Payton's answer and counterclaim, the circuit court entered a decree and concluded as follows:

> The defendant, Cecil Payton, has a Limited Warranty Deed for Forfeited Property Sold, to a tract of lands in Crawford, Arkansas described as Pt. W. ½ NE 1/4, Section 22, Township 10 N, Range 32 W, containing 6.49 acres, forfeited for the year of 1998, assessed in the name of Clinton Paul & Glenda Rice. The legal description in said deed, and in the forfeiture documents, is a void description, thereby making the deed void, and it is hereby set aside and held for naught.
>
> The plaintiffs, Robert E. Blake and Elizabeth Blake, shall reimburse the defendant, Cecil Payton, the sum of $233.34, which as set out in said Tax Deed, is the total amount of taxes, penalties, interests

---

[1] On May 27, 2003, the Rices deeded the property by warranty deed to appellees Jimmie T. Bond and Debra K. Bond. The effect of that deed on Payton's tax deed is not an issue in this appeal.

[2] This complaint asserts that both Robert Blake and Elizabeth Blake were the buyers of the property and made payments accordingly. Yet, the installment note only shows Robert Blake as the maker of the note.

and costs, involved in the transaction, and he shall look to the State of Arkansas for any amounts in excess of this which he may have paid for the real estate in his deed.

Payton now raises two points on appeal. He first contends that the circuit court erred in concluding that the Limited Warranty Deed was void as a matter of law due to an invalid property description. We disagree.

Early on, this court declared a tax deed invalid for want of a sufficient legal description of the land involved. *See Walls v. Mills*, 149 Ark. 670, 225 S.W. 225 (1920). In *Walls*, the description held to be insufficient to validate the deed was almost identical to the description in the deed presently at issue. That description was as follows: "Pt. NW NW Section 7 Township 12 S, Range 29 W. 11.16 acres." *Walls*, 149 Ark. at 670, 225 S.W. at 225. We held that the description was null and void. Similarly, this court later invalidated a tax deed describing land as "SW corner NE 1/4 NE 1/4 Section 1, Township 7 North, Range 4 West, 5 acres E of R." *See Gardner v. Johnson*, 220 Ark. 168, 170, 246 S.W.2d 568, 569 (1952). One commentator posits that Arkansas jurisprudence reveals that more precision is required for a legal description in a tax deed than for a conveyance between individuals. *See* Paul Jones, Jr., *The Arkansas Law of Title to Real Property*, § 248 at 188–199 (1935). *See also Undernehr v. Sandlin*, 35 Ark. App. 207, 816 S.W.2d 635 (1991).

On the other hand, this court has held that the reference to a subdivision plat may validate a property description. *See Moseley v. Moon*, 201 Ark. 164, 144 S.W.2d 1089 (1940). In *Moseley*, this court discussed property conveyed by tax deed which described the land as "Lots 10, 11, and 12 of Block 21 W of the town of Swifton, Jackson county, Arkansas." We held that the description was sufficient, because the record included a "plat of the town of Swifton, [and] there is but one block numbered 21 in the town and this block embraces the three lots in question." Thus, the property description was valid, because additional information, namely the plat, was referenced. We said:

> ... [A] description of land in a tax deed is sufficient if the description itself furnishes a key through which the land may be definitely located by proof aliunde. *Kelly v. Salinger*, 53 Ark. 114, 13 S.W. 596; *Lonergan v. Baber*, 59 Ark. 15, 26 S.W.13; *Buckner v. Sugg*, 79 Ark. 442, 96 S.W. 184. Of course the converse of this proposition

is true. That is to say, extrinsic evidence is not admissible to cure or perfect a description which in itself is void and offers no key or suggestion by which the land may be located.

*Moseley v. Moon*, 201 Ark. 164, 167, 144 S.W.2d 1089, 1090 (1940) (quoting *Halliburton v. Brinkley*, 135 Ark. 592, 204 S.W. 213 (1918)).

The question, then, for this court to resolve is whether a parcel number is a comparable description to a Lot-and-Block description in a deed which necessarily refers to a plat of the property that has been recorded. Testimony at trial by Connie Beyerle, an abstractor for the Crawford County Assessor's office, revealed that the legal description in Payton's tax deed was not complete by itself, but she went on to say that her office identifies what piece of property Payton bought by the parcel number. She gave the circuit court her understanding of what a parcel number is:

> That parcel number is basically like a social security number of that piece of property. Uh . . . you pull those cards, we have records, we have the old cards that we keep files on and we also have everything in computer, and on those cards and in our computer we have all the deed references, and anybody that is buying State land or is doing research whether it's State land or just buying it from an individual, when they come in and do research, we give them the book and page and they can go to the Circuit Clerk's office and pull the deeds and get the full legal description.

We conclude that the legal description in the Payton deed is not complete. Even considering Ms. Beyerle's testimony of what can be done to obtain the description, it involves several steps. One must first examine the cards in her office, find the book and page number, go to the deed records, and then ascertain the actual description from that book and page number. The property description found presumably would be the metes-and-bounds description in the Mayo deed to the Rices. This procedure fails the test of an accurate, complete, and specific legal description. Furthermore, we do not view a reference to a parcel number in a tax deed as remotely comparable to a Lot-and-Block description in a deed which necessarily brings into play a recorded subdivision plat.

Hence, it appears that the parcel number system is used by assessors and collectors to reference land for tax purposes. Yet,

neither this court nor the General Assembly has sanctioned the use of parcel numbers as a substitute for valid legal descriptions, while Lots-and-Blocks descriptions in subdivision plats are a recognized means of describing real property. *See, e.g.*, Ark. Code Ann. § 14-17-208 (Repl. 1998).

For his second point, Payton claims that the Blakes failed to meet their burden of establishing a *prima facie* case for quieting title in themselves regarding the land at issue. In this regard, we have said recently:

> In an action to quiet title, the plaintiff must recover on the strength of his own title and not on the weakness of the defendant's title. *Wyatt v. Wycough*, 232 Ark. 760, 341 S.W.2d 18 (1960).

*Wyatt v. Arkansas Game & Fish Commission*, 360 Ark. 507, 202 S.W.3d 513 (2005). Thus, it is clear that it was the Blakes' burden to demonstrate that their title to the land at issue was valid.

There is no question that they met this burden of proof. They presented the court with the contract arrangement with the Rices and specifically Robert Blake's installment note. The circuit court was convinced that the contract was valid. We agree. There was no abuse of discretion by the circuit court in this regard.

Affirmed.

544

# LIMITED WARRANTY DEED NO. 140361
# FOR FORFEITED PROPERTY SOLD

## MARK WILCOX
## COMMISSIONER OF STATE LANDS
## STATE OF ARKANSAS

KNOW ALL, BY THESE PRESENTS:

05/12/2003    04:18:09 PM
Filed & Recorded in CRAWFORD
Official Records of LINDA HOWARD, CIRCUIT CLERK
By

The following described lands situated in the County of Crawford and the State of Arkansas, was subject to taxation for the years set forth below; and whereas, said property was duly certified by the County Clerk/Collector to the State of Arkansas for non-payment of the taxes due thereon as set forth below, to wit:

**PT W1/2 NE1/4**

| Section: | 22 | Township: | 10N | Range: | 32W | Acres: | 6.49 |

Parcel Number: **001-11667-000**           Year Forfeited: **1998** Code: **25-8**

AND WHEREAS, after the expiration of the time required by law, said property remaining unredeemed was subject to sale by the Commissioner of State Lands pursuant to the provisions of Act 626 of 1983, as amended; and having fully complied with statutory requirements under said Act, the Commissioner of State Lands did on 4/3/2003, by virtue of the authority vested in him, offer for sale at public auction said property.

AND WHEREAS, at the time aforesaid, **CECIL PAYTON, 15501 HWY 220, CHESTER, AR 72934** being the highest qualified bidder did pay unto the Commissioner of State Lands the sum of $2,500.00, the whole amount bid; And Whereas after the elapse of time to redeem as provided by law, **CECIL PAYTON**, did tender unto the Commissioner of State Lands the sum of $233.34, the whole amount of the taxes, penalties, interest and costs then remaining due and unpaid on said property.

NOW; THEREFORE, KNOW YE, THAT I, Mark Wilcox, Commissioner of State Lands within and for the State of Arkansas, having fully complied with the requirements of Act 626 of 1983, as amended, for and in consideration of the said sum of money so paid, receipt of which is hereby acknowledged, and under and by virtue of the authority vested in me by law, do, by these presents, GRANT, SELL and CONVEY unto the above named person and their heirs and assigns forever, all the right, title and interest of the State of Arkansas in and to the said property, or which may be hereafter acquired.

TO HAVE AND TO HOLD the same unto the said **CECIL PAYTON** and unto their heirs and assigns forever.

WITNESS MY HAND AND OFFICIAL SEAL, as Commissioner of State Lands, on this date May 07, 2003.

This instrument prepared by:

Commissioner of State Lands
109 State Capitol
Little Rock, Arkansas 72201

Deed Mailed to:

     **CECIL PAYTON**
     **15501 HWY 220**
     **CHESTER, AR 72934**

Mark Wilcox
Commissioner of State Lands

BY: Lisa Pelton
Deputy Commissioner of State Lands

Taxes: 1998 - 2001
Was assessed in the name of:
CLINTON PAUL & GLENDA RICE

**EXHIBIT "C"**        Pg 2679 17