2010 Ark. App. 450

**PULASKI CHOICE, L.L.C., Appellant**

v.

**2735 VILLA CREEK, L.P., Appellee.**

**No. CA 09–331.**

Court of Appeals of Arkansas.

May 26, 2010.

Stephen E. Whitwell, North Little Rock, AR, for appellant.

Robert Stephen Shafer, Harry A. Light, Friday, Eldredge & Clark, LLP, Little Rock, AR, for appellee.

M. MICHAEL KINARD, Judge.

|₁Appellant, Pulaski Choice, L.L.C., appeals from the trial court's order setting aside a decree quieting title in favor of appellant and the trial court's grant of summary judgment in favor of appellee on appellee's claim to set aside the decree awarded to appellant's successor in title. We certified this case to the Arkansas Supreme Court, and that court answered certified questions and remanded the case

back to us to decide on the merits. *See Pulaski Choice, L.L.C. v. 2735 Villa Creek L.P.,* 2010 Ark. 91, 362 S.W.3d 882. We affirm the orders of the trial court.

In April 2004, the property in question was certified to the state for nonpayment of taxes in 2001 and 2002. On May 16, 2005, the Commissioner of State Lands mailed a notice of delinquent real estate taxes to appellee by certified mail. The letter was returned to sender. On April 26, 2006, the Commissioner published notice in the Arkansas Democrat–Gazette of a public sale at which the land was to be sold. In the notice, the parcel number contained one incorrect digit. In addition, the property description did not exactly match the one certified to the Commissioner. On May 24, 2006, Areit, LLC, purchased the property at a public sale. On July 18, 2006, Areit, LLC, conveyed the property to appellant. On July 20, 2006, appellant filed a complaint to quiet title in the property. Appellant attempted service by certified mail upon appellee at two separate addresses, and both attempts were returned to appellant unclaimed. Appellant served a copy of the complaint upon the Arkansas Secretary of State, who unsuccessfully attempted service upon appellee by mail. Appellant also published a warning order regarding its complaint. On September 11, 2006, the trial court entered a decree quieting title in favor of appellant.[1]

In December 2007, appellee filed a motion to set aside the decree. On April 8, 2008, the trial court granted the motion to set aside the decree. After the decree was set aside, appellee filed a counterclaim seeking to have the warranty deed from the Commissioner to Areit, LLC, set aside. On June 18, 2008, appellee filed a motion for summary judgment, alleging that the following circumstances rendered the sale to appellant void: the Commissioner's failure to properly publish notice of the sale; the Commissioner's failure to include the proper parcel number in the notice to appellee; the Commissioner's failure to notify all interested parties of the sale. Appellee also argued that Arkansas Code Annotated section 26–37–201 was unconstitutional and that the Commissioner's efforts to notify appellee were inadequate under the Due Process Clause of the United States Constitution. Following a hearing on the motion, the trial court granted appellee's motion for summary judgment on December 10, 2008. The motion was granted due to the failure to include the correct parcel number in the published notice of sale; the other grounds were denied. On January 5, 2009, appellant filed a notice of appeal from both the order setting aside the decree quieting title and the grant of summary judgment. On January 12, 2009, appellee filed a notice of cross-appeal.[2]

### Order Setting Aside Decree Quieting Title

Appellant first argues that the trial court erred in granting appellee's motion to set aside the decree quieting title in favor of appellant. Our standard of review depends on the grounds argued by the party that moved to set the decree aside. If the party claims that the judgment is void, then the matter is a question of law, which we review de novo. *Nucor Corp. v. Kilman,* 358 Ark. 107, 186 S.W.3d 720 (2004). Otherwise, we review under an abuse-of-discretion standard. *Id.* In the

---

1. On September 27, 2007, the trial court entered an amended decree; the portions pertaining to appellee were unchanged from the original decree.

2. Appellee has abandoned the cross-appeal.

motion, appellee argues both that the Commissioner failed to follow the proper procedure and that appellant failed to obtain proper service. Lack of service makes a default judgment void. *Cole v. First Nat'l Bank of Fort Smith,* 304 Ark. 26, 800 S.W.2d 412 (1990). Therefore, we will review the trial court's order de novo.

In its motion to set aside the decree, appellee argues that the decree should be set aside by operation of any or all of the following authority: Arkansas Code Annotated section 18–60–510(a), Arkansas Rule of Civil Procedure 55(c), and Arkansas Rule of Civil Procedure ⌊₄60(c). The trial court did not specify the ground or grounds upon which the motion was granted. Arkansas Rule of Civil Procedure 60(c) (2009) does not apply because the decree was a default judgment, and Rule 60(c) applies to judgments other than default judgments. Arkansas Code Annotated section 18–60–510(a) (Repl.2003) provides that any person may appear within three years and set aside the decree if he or she shall offer to file a meritorious defense. It is not disputed that appellee filed its motion to set aside the decree within three years of the entry of the decree. Appellee also offered a defense of lack of notice of the sale, which, if proven, would be a meritorious defense to the decree. Appellant argues that the statute should not apply to appellee because appellee was a party to the action, and the statute only applies to persons who were not parties. We need not address this argument inasmuch as appellant failed to make appellee a party due to lack of service on appellee.

■ Appellant also argues that the statute should not apply because it was superceded by the adoption of Arkansas Rule of Civil Procedure 55. Whether Rule 55 supercedes section 18–60–510 is not relevant for the purposes of this appeal, because the decree could properly have been set aside under Rule 55 as well. A court may set aside a previously entered default judgment if the judgment is void; if the judgment is void, the party seeking to have the judgment set aside need not show another defense to the action. Ark. R. Civ. P. 55(c). As noted above, lack of service makes a default judgment void. *Cole v. First Nat'l Bank of Fort Smith, supra.* Appellant failed to obtain valid service against appellee. Appellant clearly did not obtain actual service upon appellee; all of appellant's attempts at service were returned ⌊₅unclaimed. Appellant argues, however, that it obtained valid service both through Arkansas Code Annotated section 16–58–120, also referred to as the long-arm statute, and by warning order.

■ Appellant's argument regarding the long-arm statute is misplaced because that statute does not apply to this type of proceeding. Any resident or nonresident person who commits acts in this state sufficient to give an individual in this state a cause of action against the person committing the acts shall be deemed to have appointed the Secretary of State as his or her agent for service of process on him or her in any suit arising out of the acts committed by said resident or nonresident. Ark.Code Ann. § 16–58–120(b)(1) (Repl. 2005). The nature of a quiet-title action as an in rem proceeding makes section 16–58–120(b)(1) inapplicable; there are no "acts" by appellee to trigger the statute. The only potential act by appellee is the ownership of land. Section 16–58–120(b)(1) is concerned with prescribing a manner of service necessary to obtain jurisdiction over a person or entity who commits acts in this state and then leaves. Personal jurisdiction is not an issue in an in rem proceeding such as this one because the presence of the land in this state confers jurisdiction. In addition, appellant

has not complied with all of the requirements of section 16–58–120. The long-arm statute is predicated upon personal service being achieved; in this case it was not. In addition, Arkansas Code Annotated section 16–58–120(b)(2)(B) requires that the defendant's return receipt be attached to the writ of process and filed in the office of the clerk. Because appellee was never personally served, no return receipt was ever filed.

 Appellant likewise failed to obtain valid service via warning order. Rule 4(f) of the Arkansas Rules of Civil Procedure sets forth the method for obtaining service by warning order.[3] Compliance with the requirements of the rule must be exact. *See Black v. Merritt*, 37 Ark.App. 5, 822 S.W.2d 853 (1992). Appellant's compliance was not exact. Rule 4(f)(2) requires that the warning order be mailed with a copy of the complaint to the defendant's last known address. Appellant did not mail a copy of the warning order to appellee. Rule 4(f)(4) provides that no judgment by default shall be taken unless the party seeking the default judgment or the party's attorney files with the court an affidavit stating that thirty days have elapsed since the warning order was published. Appellant did not file any such affidavit. Because proper service was not obtained by appellant upon appellee, the decree is void and could properly have been set aside under Rule 55(c). The trial court's order setting aside the decree is affirmed.

### Order Granting Summary Judgment

Appellant's second point on appeal is that the circuit court erred in granting summary judgment in favor of appellee on appellee's counterclaim to set aside the deed granted to appellant's predecessor in title. Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Sykes v. Williams*, 373 Ark. 236, 283 S.W.3d 209 (2008). In this case, there are no facts in dispute between the parties. When there are no disputed facts, our review must focus on the trial court's application of the law to the facts. *Parker v. Southern Farm Bureau Cas. Ins. Co.*, 104 Ark.App. 301, 292 S.W.3d 311 (2009).

The circuit court granted summary judgment to appellee based upon the Commissioner's failure to include the correct parcel number in the published notice of sale. The court determined that this failure rendered the sale void, entitling appellee to summary judgment on its counterclaim. A published notice of sale from the Commissioner for nonpayment of ad valorem property taxes must contain, among other things, the name of the owner of the land, the legal description of the land, and the parcel number of the land. Ark.Code Ann. § 26–37–201(b)(3)(A) (Supp.2009). A part or abbreviated legal description shall be sufficient in the notice if the name of the owner and parcel numbers are listed. Ark.Code Ann. § 26–37–201(b)(3)(B) (Supp.2009). Prior to 2005, the parcel number was not required to be in the notice. *See* Ark.Code Ann. § 26–37–201(b) (Repl.1997).

---

3. Although appellant states that it filed a warning order in compliance with Arkansas Code Annotated section 16–58–130, that code section only requires that a warning order be published weekly for at least two weeks in a newspaper of general circulation in the county in which the court is held. Our supreme court has previously stated that more than publication of a warning order is required to subject a non-resident's interest in land to the jurisdiction of a court in an action to quiet and conform title, *see Ingram v. Luther*, 244 Ark. 260, 424 S.W.2d 546 (1968), so compliance with section 16–58–130 is not sufficient for the type of proceeding presented in this case.

Appellant argues that the circuit court erred in granting summary judgment based upon the incorrect parcel number because the land was certified to the Commissioner in 2004, before the 2005 amendment went into effect. Appellant's argument is misplaced. The notice of sale in this case was issued in 2006, after the 2005 amendment to section 26–37–201. Section 26–37–201 pertains to the contents of the notice, not the date the land was certified |₈to the Commissioner. According to our supreme court, the date of certification is irrelevant; it is not the operative event under section 26–37–201. *Pulaski Choice, L.L.C. v. 2735 Villa Creek, supra.* Therefore, after the effective date of the 2005 amendment, the Commissioner was required to include the parcel number in the notice regardless of the date the land was certified to the Commissioner. The current version of section 26–37–201 controls and the parcel number was required to be included.

Appellant also argues that the language of section 26–37–201(b)(3)(B) is internally inconsistent. Our supreme court determined that such is not the case. *See Pulaski Choice, supra.* The supreme court noted that the parcel number is one of the items that is required under section 26–37–201 to be included in the notice, and, while a partial property description is allowed only if the notice contains both the name of the owner and the parcel number, there is nothing in the language of section 26–37–201 that allows the parcel number to be omitted. The supreme court further noted that appellant's citation to its decision in *Payton v. Blake,* 362 Ark. 538, 210 S.W.3d 74 (2005), for the proposition that the inclusion of an incorrect parcel number was inconsequential was misplaced.

Finally, appellant argues that there was substantial compliance with the requirements of section 26–37–201 and that the

substantial compliance should be sufficient. Our supreme court stated that strict compliance is required regarding the publication requirements in section 26–37–201. *Pulaski Choice, supra.* Strict compliance was not achieved in this case.

The failure to include the correct parcel number in the notice of sale rendered the sale |₉by the Commissioner to appellant's predecessor in title void. As such, appellee was entitled as a matter of law to have the deed to appellant's predecessor in title set aside. The trial court's grant of summary judgment in favor of appellee is affirmed.

Affirmed.

ROBBINS and GRUBER, JJ., agree.